YOUNG *et al. v.* STATE.

(*Knoxville*, September Term, 1947.)

Opinion filed November 29, 1947.

C. Frank Davis, of Morristown, for plaintiffs in error.

Nat Tipton, Assistant Attorney General for the State.

Mr. Justice Prewitt delivered the opinion of the Court.

These two defendants were convicted of housebreaking and larceny, with their maximum punishment fixed at five years in the penitentiary.

The defendants do not make any question as to the facts but contend that the trial judge erroneously overruled a plea of *autrefois acquit*.

It appears that at the October term, 1946, the defendants were indicted in the circuit court of Hamblen County by an indictment charging them with housebreaking and larceny. The building claimed to have been broken into was set out in the indictment as the business house of Leon Clifton, and the property claimed to have been taken was alleged to be that of the said Leon Clifton.

At the trial it developed that there was a variance between the proof and the indictment with reference to the ownership of the building, as well as that of the personal property, and a verdict of not guilty was returned.

At the same term of court, and on the following day, another indictment was returned against the defendants containing two counts and charging them with breaking into the storehouse of Clifton's, Inc., a corporation. The State concedes that the building broken into and the property alleged to have been taken were the same in each of the indictments. The trial judge overruled the plea.

■ In *Hite* v. *State*, 17 Tenn. 357, the Court laid down the rule that to entitle a prisoner to the benefit of the plea, it is necessary that the crime charged be precisely the same in each indictment, and said at page 378 of 17 Tenn.:

". . . But, if the variances are in those things which are material, *autrefois acquit* cannot be pleaded in bar—either the first indictment was ineffectual, and therefore the acquittal of no avail, or the record will prove not applicable to the evidence, and therefore the objection is needless; . . ."

Thus, if there be a material variance between the averments, the two prosecutions are separate as a matter of law.

■ In 22 C. J. S., Criminal Law, sec. 268, the author states in substance that if the accused be acquitted upon the ground of material variance he cannot plead the acquittal as a bar, for he has never been in jeopardy, and when tried on a new indictment the crime alleged is not the same crime as in the former indictment.

■ In the present case the first indictment placed ownership in an individual, and the second indictment placed ownership in a corporation in which the individual is a stockholder.

In *Parker* v. *Bethel Hotel Co.*, 96 Tenn. 252, 34 S. W. 209, 31 L. R. A. 706, it was held that a corporation and its stockholders are separate and distinct entities, and

that a stockholder of a corporation, even though he owns all the capital stock, does not thereby acquire title to the assets of the corporation.

In *Chapple* v. *State*, 124 Tenn. 105, 135 S. W. 321, the indictment averred ownership of the property stolen in an individual. There was some evidence that it was the property of the corporation in which the individual in question was a stockholder. The trial judge declined to give a special request to the jury to the effect that if the property was in fact that of the corporation and not of the individual, they should acquit even though the individual might own stock in such corporation. This court reversed the judgment of the trial judge for failure to give the special request.

The case of *Lowry* v. *State,* 113 Tenn. 220, 81 S. W. 373, is distinguishable from the instant case. In that case the property was owned by a partnership and not a corporation, and title to the property taken was averred to have been in one of the partners, and each of the partners owned an undivided interest in the property. In the instant case the corporation and its stockholders are essentially different and not connected. A material variance in the name of the owner of stolen property in an indictment for larceny is fatal. *Johnson* v. *State,* 148 Tenn. 196, 253 S. W. 963.

The only other contention is that the trial court should have granted a new trial on account of an alleged variance between the owner of the building entered as averred in the indictment and the proof. The ownership of the building was averred in the indictment to be in "Clifton's, Inc." The evidence shows that the building belonged to an individual but that it was occupied by Clifton's, Inc., under a lease contract.

It is well settled that burglary or housebreaking is not an offense against the ownership and legal title, and that ownership of the building alleged to have been burglarized not only may but should be laid in the actual occupant. 9 C. J., Burglary, sec. 80, pp. 1044, 1045; 12 C. J. S., Burglary, sec. 38.

It results that the assignments of error are overruled and the judgment is affirmed.

All concur.