JIMMY HINDMAN and KING SHROPSHIRE

*v.*

STATE OF TENNESSEE.

384 S.W.2d 18.

(*Knoxville,* September Term, 1964.)

Opinion filed November 12, 1964.

128

WITT, GAITHER, ABERNATHY, CALDWELL & WILSON, Chattanooga, JAMES W. GENTRY, JR., Chattanooga, of counsel for plaintiff in error Jimmy Hindman.

DIETZEN, PARKS & DIETZEN, Chattanooga, J. W. DIETZEN, Chattanooga, of counsel, for plaintiff in error King Shropshire.

GEORGE F. McCANLESS, Attorney General, MARNE S. MATHERNE, Assistant Attorney General, for the State.

Mr. Chief Justice Burnett delivered the opinion of the Court.

The plaintiffs in error, Hindman and Shropshire, were indicted under a two-count indictment charging (1) burglary of a business house and (2) charging receiving and concealing stolen property. The jury, after pleas of not guilty had been filed, found both defendants guilty of burglary in the third degree and fixed the punishment at not less nor more than three (3) years in the penitentiary. From this conviction each defendant has seasonably appealed, able briefs have been filed by the counsel representing the respective parties, and arguments have been heard. After a very thorough consideration of the entire record, briefs, authorities and making an independent investigation of the matter, we are now in a position to decide the case.

The transcript is abridged and it is shown by stipulation the evidentiary facts necessary to determine this lawsuit. Both plaintiffs in error raise the same questions. The assignments are two in number, to-wit: (1) there is a fatal variance between the indictment and the proof concerning the ownership or occupancy of the burglarized premises; and (2) there is a fatal variance regarding the ownership of the three tires stolen. Thus it is, the only question is whether there is a fatal variance between the indictment and the proof.

These parties were convicted under the first count of the indictment which charges that they on a certain date "did unlawfully, feloniously and burglariously break and enter into the business house of Mrs. C. W. Stiles, an individual doing business as Soddy Lake Amoco, with intent to commit a felony," etc., and then larceny is alleged and that certain tires were stolen and

that these were the property of Mrs. W. C. Stiles, an individual doing business as the Soddy Lake Amoco, with the intent to convert the tires to their use.

The portion of the indictment under which conviction was had is based upon sec. 39-904, T.C.A., which defines burglary in this third degree. Under this indictment where the plaintiffs in error are convicted of breaking and entering a business house with the intent to commit a felony, that is to steal these tires, there is the intent to commit this felony charged, and such breaking and entering and the taking of the property therefrom feloniously is a violation of the statute.

The only witness for the State concerning the occupancy of the premises and of the property taken therefrom was Mr. W. C. Stiles. He testified on direct examination that he operated the Soddy Lake Amoco Service Station which he thought was in his wife's name; and that he and his wife operated two service stations, the one in Soddy being in his wife's name, and one in Daisy being in his name; that the sale tax payments for the Soddy Lake Amoco Service Station, the one robbed and the one that was in his wife's name, were made in his wife's name. He says further that he usually slept in the backroom of the Soddy Lake station because there had been previous trouble there, and that on the night of October 15, 1963, when it was burglarized, he was sleeping there and that he heard the break-in and he identified Hindman as one of the three persons that broke into this service station. He says they took these three tires, two of which were recaps and one was a new tire, with a total value of $45.00. He says he called the police and that he knew Hindman and gave his name to the

police; and that he later identified one of the other parties to this break-in.

On cross-examination he testified that he was not positive about whose name the Soddy Lake station was in, but that he knew that he had signed the leases to the two stations, and he specifically stated that he signed the lease with the American Oil Company for the Soddy Lake Station; that he bought the tires that were stolen and paid for them with his own money. He also said that his wife's name was on the front of this station that was robbed.

As indicated in the outset hereof the only question raised is that there was no evidence to sustain this verdict because there was a fatal variance between the indictments and the proof regarding the ownership and lawful occupancy of the premises which had been burglarized and of the ownership of the tires allegedly taken in this burglary. It is argued likewise in support of this contention that there was no evidence given by the State on behalf of the alleged owner that the plaintiffs in error did not have permission to enter the premises.

The offense for which these men were convicted, burglary in the third degree, is complete when it is shown that they have broken into this building with the requisite intent to take something therefrom which was not theirs. Of course, burglary is not larceny, because larceny may be committed without breaking and entering and is not committed until there is the taking of the property with the requisite intent. Thus it is, under the conviction here, there is no necessity of showing to whom the property belonged that was allegedly taken, and conceded so under

132

the abridged record, and in whose name it was. The indictment sufficiently alleges that they did break in and take this property so it doesn't make any particular difference whose property it was. The statute has been violated and the burglary committed when they broke in and entered this building with that intent. There is no question under the stipulation here but that they did break and enter and take this property. Burglary, of course, is an offense against the security of the habitation, in this instance a business store, which is classified by the statute above referred to as burglary in the third degree. It is an offense against the possession rather than against the legal title or the possessor. Wharton's Criminal Law & Procedure, Anderson, Vol. 2, sec. 406, page 24.

■ From what is said above, it is seen that the allegations of the indictment are that these parties entered into the business house "of Mrs. W. C. Stiles, an individual doing business as Soddy Lake Amoco, * * *" It is argued under the testimony of Mr. Stiles that he was sleeping there that night and that the tires that were taken belonged to him and that the proof varies; in other words the proof shows that he was there while it is alleged that this was the property of his wife, and thus there is a fatal variance between the proof and the charge, and this being true the conviction should be reversed, because it is argued that it is necessary that the proof coincide with the indictment and show the owner or the occupant of the building alleged to have been entered was not the property of the accused and also for identifying the offense so as to protect these men from a second prosecution therefor.

We must remember that under this record this proof shows that a husband and wife operated two service

stations and the proof further shows that the service station alleged to have been robbed did have the wife's name over the door, showing that this was the station operated by her. The proof likewise without contradiction shows that Mr. Stiles and his wife operated two service stations. In other words, here is a husband and wife living together, running a joint business and the two of them operating these two stations. On the night of this burglary for reasons of past, probably similar, experiences, Mr. Stiles was sleeping in a room in this building and witnessed the burglary. Under such a situation, that is of the husband and wife having joint ownership of the two premises, it seems perfectly permissible and proper that the indictment lay the ownership of the building, which contained the wife's name on it, in her. In other words, it might be laid in either or both spouses, especially when they are living together and operating the property as they were. Who is the legal owner makes no particular difference. The wife might be the legal owner but the husband was the lawful custodian and he likewise had a duty and obligation to aid in both operations. The evidence that her name was used over the door of this filling station which was robbed is sufficient to show her occupancy thereof, even though she might not have been present at the time of this robbery, and her husband was.

It seems logical, reasonable and right to us to say that ownership need not be alleged when the statute, as our statute sec. 39-904, T.C.A., makes the offense charged one against the occupant of the building rather than the owner. The name of the occupant is sufficient, and this statute does not so say that it may be either one or the other, but, since all that is required to be proven under this statute is the entering of a business house with a

felonious intent, it is clearly a sufficient averment to name the occupant or the one in lawful possession, and the proof meets this requirement in the instant case. We have indicated if we have not so directly held in *Young v. State*, 185 Tenn. 596, 206 S.W.2d 805, that it is sufficient to allege that the premises were occupied by a named person.

The most reasonable, fair and logical statement of the reason for this rule is stated by the Supreme Court of Kansas in *State v. Toliver*, 109 Kan. 660, 202 P. 99, 20 A.L.R. 502. That court after quoting part of the indictment goes on at much length in quoting from various and sundry cases from England on up and tracing down the reasons and arrives at the conclusion that such an indictment as that here with the proof such as this is sufficient. That court states this:

"The statute makes it burglary to break and enter a store in which goods are kept. In the present case it was alleged the breaking and entering were done unlawfully, wrongfully, feloniously, and burglariously. That was sufficient to apprise the defendant the store did not belong to him. It was alleged the building was occupied and used by the Durnil Dry Goods Company as a retail store where goods, wares, and merchandise were kept for sale. The crime being one against security of possession, the criterion of ownership for the purpose of pleading burglary is not legal title, but occupancy or possession. 9 C.J. 1044. The person injured is the one who occupies the store by keeping goods there. * * * the plain statement of the facts in the information under consideration fully identified the 'owner' of the store."

This statement of the Kansas court could very easily be paraphrased to meet the exact facts of this case. It is a reasonable, logical and fair conclusion.

We therefore hold under the facts of this case of a husband and wife jointly owning two filling stations with the wife's name on the one burglarized and it being charged in the indictment that it was her property that was burglarized, even though the husband was sleeping there on that night. This is sufficient notice and there is no variance in the proof between the alleged ownership or occupancy and the proof. Since these parties were not convicted of stealing but for burglary in the third degree it doesn't make any difference who the property that was taken belongs to. The statute has been violated when they broke and entered with the intent to take and did take certain property.

This has been a very interesting case for the writer of this opinion and for the Court. We feel under the factual situation here there is no error committed and the judgment against the two parties must be affirmed.