WILLMON TAYLOR, JR., GEORGE WILLIE JOHNSON, MANCIE WALKER, JR., and RALPH DONALD SMITH, Plaintiffs in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 455 S.W.2d 168.

Court of Criminal Appeals of Tennessee. Jan. 15, 1970.

Certiorari Denied by Supreme Court May 18, 1970.

James A. Hopper, Savannah, for plaintiffs in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, Robert B. Smith, Asst. Dist. Atty. Gen., Savannah, for defendant in error.

## OPINION

DWYER, Judge.

From a conviction of burglary in the third degree with punishment fixed at confinement for not more than five years in the State Penitentiary, Wilmon Taylor, Jr.,

George Willie Johnson, Mancie Walker, Jr., and Ralph Donald Smith appeal from the jury verdict in the Circuit Court of Hardin County.

The facts are briefly summarized in order to properly evaluate the assignments of error. Raymond Whitlow owned and operated a grocery business in Hardin County, Tennessee. In the early morning hours of June 15, 1968, while eating breakfast he noticed a red car leave his store which is located 200 yards from his home. In a few minutes the same car returned to the store and he noticed three colored men come from the store, get into the car and head toward Savannah, Tennessee. He told his son to call the police, then he examined his store and found that it had been burglarized. His son got into his car and started looking for the red convertible Pontiac with the defendants in it. He observed the car and followed it, noticing the occupants. He stopped in a service station and gave a description of the car by telephone to the police, with the license number. As a result of this a broadcast was put out and the red convertible was stopped by the Chief of Police of Selmer, Tennessee. The Chief of Police placed all four defendants under arrest and saw a sack containing cigarettes and a .22 bolt-action rifle with the bolt missing on the floorboard of the car. He impounded these articles. The rifle was identified by Mr. Whitlow as being his property and as being missing as a result of the burglary. All four defendants testified and denied burglarizing the store and denied any knowledge of the burglary. They all four related they were from Indianapolis and had come to Jackson, Tennessee, for a visit and were on their way to Giles County to visit a friend. They all denied knowing

anything about the stolen rifle being found in the car. There were also a couple of shotguns taken from the store found in the car, but on motion of the defense the court excluded these guns and ordered the jury not to consider them for any purpose. The defendants were represented at the trial by privately retained counsel, who is now deceased. They are presently represented by court-appointed counsel.

█ Defendants assign as error there is no proof to support the verdict and the greater weight of the evidence preponderates against the verdict of guilty and in favor of their innocence. These defendants were apprehended shortly after a report of the burglary had been made. At the time of apprehension the rifle belonging to Mr. Whitlow was found in the car in which the defendants were arrested. This evidence clearly shows that the car and occupants were the ones seen by Mr. Whitlow. He testified he saw three Negroes coming from the store and then get into the red convertible and leave. All four defendants testified and disclaimed any knowledge whatsoever of how the stolen rifle got into the car. Where the issues of fact are presented it is within the province of the jury to decide the question, which they have done adversely to the defendants in this record.

█ In recent decisions of the Supreme Court and this court the rule has been restated that the verdict of the jury, when approved by the trial judge, accredits the testimony of the State and resolves all conflicts in favor of the theory of the State. Such a verdict has displaced the presumption of innocence and has created a presumption of guilt. Here the accused has the burden of showing that the evidence preponderates against the verdict

and in favor of his innocence. Bacon v. State, 215 Tenn. 268, 385 S.W.2d 107; Schweizer v. State, 217 Tenn. 569, 399 S.W.2d 743; Bolin v. State, 219 Tenn. 4, 405 S.W.2d 768. This has not been done. The assignments of error are overruled.

Defendants' next assignments pertain to the court not directing a verdict of not guilty on motion being made at the conclusion of the State's proof and at the conclusion of all of the proof. T.C.A. Sec. 40-2529 provides:

> "40-2529. Directed verdict.—In a criminal prosecution the trial judge shall direct the jury to acquit the defendant if at the close of the evidence for the prosecution, or at the close of all the evidence, *the court is of the opinion that the evidence is insufficient to warrant a conviction.* [Acts 1968 (Adj.S.) ch. 437, § 1]." (emphasis added)

Obviously, since the evidence does not preponderate against the verdict of guilt, there is ample evidence to support the verdict and the trial judge should not have directed a verdict of acquittal. Therefore, these assignments of error are overruled.

Defendants next assign as error that there is a variance between the proof and the indictment pertaining to the ownership of the store. Defendants maintain there is no proof of an agreement between Mr. Whitlow, occupier of the store burglarized, and his mother, who was the owner of the building. They contend that because of the lack of showing of an agreement then there is a variance between the proof and the indictment. The indictment alleges:

"* * * entering the business house of Raymond Whitlow, dba Whitlow's Grocery with intent unlawfully, feloniously and burglariously to take, steal and carry away the personal property therein contained, the proper goods and chattels of Raymond Whitlow against the peace and dignity of the State of Tennessee."

In Hindman v. State, 215 Tenn. 127, 384 S.W.2d 18, the following language may be found:

"It seems logical, reasonable and right to us to say that ownership need not be alleged when the statute, as our statute § 39-904, T.C.A., makes the offense charged one against the occupant of the building rather than the owner. *The name of the occupant is sufficient, and this statute does not so say that it may be either one or the other, but, since all that is required to be proven under this statute is the entering of a business house with a felonious intent, it is clearly a sufficient averment to name the occupant or the one in lawful possession, and the proof meets this requirement in the instant case. We have indicated if we have not so directly held in Young v. State, 185 Tenn. 596, 206 S.W.2d 805, that it is sufficient to allege that the premises were occupied by a named person.*" (emphasis added)

Clearly in this record we have Mr. Whitlow testifying he occupied the premises and had conducted the grocery business there for a number of years.

In Wharton's Criminal Law & Procedure, Anderson, Vol. 2, § 406, page 24, we find:

"* * * It is an offense against the possession rather than against the legal title or the possessor."

The assignment of error is accordingly overruled.

■ The defendants next contend that the court erred in charging the law pertaining to alibi; that this action by the court in lieu of a request for the charge on alibi denied defendants a fair and impartial trial. In the trial the driver of the car testified that around the time of the occurrence of the offense he was in Hardin County. He emphatically denied breaking into the grocery store. He emphatically denied knowledge of the crime or participation in its commission. The other three defendants denied knowledge or participation in the burglary. They all testified they were in the car and asleep. In other words, their testimony summed up is that they could not have broken into the store because they were in the car and never got out from leaving Jackson to when they were arrested. In Poe v. State, 212 Tenn. 413, 370 S.W.2d 488, the following language may be found:

> "We have a number of cases holding that where the evidence raises the issue of an alibi, it is the duty of the Trial Judge to give proper instructions on that issue, and that when he fails to give such an instruction, or gives an erroneous one, it is reversible error. Davis v. State, 64 Tenn. 612; Wiley v. State, 64 Tenn. 662; Legere v. State, 111 Tenn. 368, 377, 77 S.W. 1059; Odeneal v. State, 128 Tenn. 60, 64, 157 S.W. 419.

> "In Davis v. State, supra, this Court said:

>> 'We have repeatedly held that when the proof fairly raises the defense of an alibi, *the jury should be instructed* that [if] this proof, in connection with the other proof in the cause, raises a reasonable doubt

as to whether the accused was at the place of the homicide or at a different place, the defendant should be acquitted. This is a sound rule, and [such instruction] ought to be given to the jury in direct and unequivocal language.' "

At the conclusion of the court's charge in this record he specifically asked if there were any special requests. He specifically asked if there was any objection to the charge as given. No objection nor exception was made. We feel that the trial court's charge was compatible with settled law. Therefore, it was his duty to instruct the jury on the law in regards to the defense of alibi. The assignment of error is accordingly overruled.

■ Defendants next assign as error the arrest and confiscation of the rifle which was introduced into evidence. The officer at the time of making the arrest had knowledge that a felony had been committed, and the store broken into. He also had been informed that the automobile was a red convertible with three or four occupants. He had also received information over the radio as to the license number of the car. This information and description had been obtained by the son of Mr. Whitlow, who had started out looking for the car a few minutes after the breakin. At the time of the arrest the officer testified he saw the rifle on the floorboard of the car. He would have been amiss in his duties not to impound it.

In State ex rel. Carlson v. State, 219 Tenn. 80, 407 S.W.2d 165, the following language may be found:

"* * * It is well known under our Constitution, and the Constitution of the United States, as far as we

know, that an officer may arrest without a warrant when a person 'has committed a felony' and there is 'reasonable cause for believing the person arrested to have committed it,' T.C.A. §§ 40-803(3).

"It is likewise well recognized that a person lawfully arrested may be searched at common law to obtain evidence of the offense for which he was arrested. Hughes v. State, 145 Tenn. 544, 238 S.W. 588, 20 A.L.R. 639; Elliott v. State, 173 Tenn. 203, 116 S.W.2d 1009."

As we view this record the arrest was lawful; therefore, it was lawful for the officer to seize the rifle which was in plain view on the floorboard of the car.

All assignments of error being overruled it is the judgment of this court that the judgment imposed in the trial court is affirmed.

RUSSELL and MITCHELL, JJ., concur.