BARNEY ANDERSON, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

## 455 S.W.2d 630.

Court of Criminal Appeals of Tennessee. March 25, 1970.

Certiorari Denied by Supreme Court June 15, 1970.

594

Tom H. Rogan, Rogersville, for plaintiff in error.

David M. Pack, Atty. Gen., W. Collins Bonds, Asst. Atty. Gen., Nashville, H. H. Winstead, Dist. Atty. Gen., Rogersville, Charles E. Fraley, Asst. Dist. Atty. Gen., Church Hill, for defendant in error.

## OPINION

DWYER, Judge.

Barney Anderson was convicted in the Hawkins County Criminal Court of committing the offense of burglary in the third degree with punishment assessed at confinement for not less than three years nor more

than three years in the State Penitentiary. He was at a later date convicted of being an habitual criminal with resulting sentence of life imprisonment. Through court-appointed counsel he appeals these convictions and assigns error. We will relate the facts as found in the record that brought about these convictions and this appeal.

The City Service Drive-in, located in Rogersville, was unlawfully entered in the night hours of January 22, 1963. Police officers patrolling the area noticed the wife of the defendant driving an automobile in the vicinity. On close examination of the drive-in premises they saw the face of the defendant within peering out at them. On stopping the patrol car and getting out the defendant, observed and recognized by the officers, fled amid a hail of gunfire and made good his escape. The interior of the drive-in reflected forcible entry into the juke box, pinball machine and cigarette machine. Entry had been made into the building through the broken glass front door. The defendant was brought to trial on these charges in the Hawkins County Criminal Court on July 20, 1967. He was convicted of burglary in the third degree and a mistrial was entered on the second count of the indictment when the jury became deadlocked on the habitual criminal charge. A second trial was had on February 25, 1969, on the habitual criminal count. This trial resulted in the jury finding Barney Anderson guilty of being an habitual criminal. It appears from the record the delay in bringing the defendant to trial was due to the incarceration of the defendant in the State of Illinois. The defendant did not testify and the only proof offered in his behalf was by the sheriff of Hawkins County as to

the good conduct of Anderson in jail. Court-appointed counsel has done a commendable job in representing the defendant.

■ His first assignments of error contend there is not a sufficiency of the evidence to sustain the convictions. We have examined the record closely in this cause and find there is ample evidence to support the verdicts as returned. We consider these assignments of error in light of the rule in this State that the verdict of the jury approved by the trial judge accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State. Such verdict also removes the presumption of innocence, raises the presumption of guilt and puts upon the defendant the burden of showing that the evidence preponderates against the verdict. Gann v. State, 214 Tenn. 711, 383 S.W.2d 32; McBee v. State, 213 Tenn. 15, 372 S.W.2d 173; Cooper v. State, 123 Tenn. 37, 138 S.W. 826.

The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus, the trial judge and jury are the instruments of justice to determine the weight and credibility to be given to the testimony of witnesses. Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523.

The defendant has failed to carry the burden of proof to show the evidence preponderates against the verdict and in favor of his innocence. The assignments are accordingly overruled.

■ Defendant's second assignment of error contends that there is a fatal variance between the averments in the indictment, as it alleges the owner as Lawrence Daniels

when the proof adduced reflected ownership of the real estate in Bentler and Freeman, and that Lawrence Daniels and his wife operated the place of business jointly.

"* * * but the specific ownership of a building involved in the crime of burglary is not an essential element of the offense, and title, as far as the law of burglary is concerned, follows the possession, and possession constitutes sufficient ownership as against the burglar." 12 C.J.S. Burglary § 26, p. 685.

In Hindman v. State, 215 Tenn. 127, 384 S.W.2d 18, the following language may be found:

"It seems logical, reasonable and right to us to say that ownership need not be alleged when the statute, as our statute § 39-904, T.C.A., makes the offense charged one against the occupant of the building rather than the owner. *The name of the occupant is sufficient, and this statute does not so say that it may be either one or the other, but, since all that is required to be proven under this statute is the entering of a business house with a felonious intent, it is clearly a sufficient averment to name the occupant or the one in lawful possession, and the proof meets this requirement in the instant case. We have indicated if we have not so directly held in Young v. State, 185 Tenn. 596, 206 S.W.2d 805, that it is sufficient to allege that the premises were occupied by a named person.*" (emphasis added)

In Young v. State, 185 Tenn. 596, 206 S.W.2d 805, the following language may be found:

"It is well settled that burglary or housebreaking is not an offense against the ownership and legal title, and

that ownership of the building alleged to have been burglarized not only may but should be laid in the actual occupant. 9 C.J., Burglary, § 80, pp. 1044, 1045; 12 C.J.S. Burglary, § 38."

In this record Mrs. Daniels testified she and her husband had leased the premises from Bentler and Freeman for the purposes of operating a drive-in restaurant and filling station. They were in that capacity at the time of the break-in. In view of the quoted authorities, we find no variance between the indictment and the proof. The assignment of error is overruled.

Defendant next contends the court erred in charging that:

"The Court instructs you that Lawrence Daniels had a right of occupancy in the building described in the indictment and the failure to set forth some other person as having also the right of occupancy is not fatal to the indictment."

Defendant further complains it was error for the court not to charge defendant's special request, to wit:

"* * * I charge you that in an indictment for burglary, the indictment must contain a precise averment of the names of the several owners of the building involved, or of each of the persons entitled to possession or control of the building. In case of partners, the names of all the partners must be set out in the indictment."

The defendant relies on Chapple v. State, 124 Tenn. 105, 135 S.W. 321, to sustain his assignment and his authority supporting his request. In Chapple v. State,

*supra,* the following language may be found at page 113, 135 S.W. at page 323:

"* * * 'requiring all the owners to be averred, also holds, *though there are departures therefrom, under statutes.'* Ency.Pl. & Pr., vol. 3, pp. 760, 761." (emphasis added)

In view of T.C.A. Section 40-1810, the court's charge was correct in accordance with law and his refusal to charge the special request submitted was not error. The assignments are therefore overruled.

■ Defendant next contends there is no evidence to sustain the habitual criminal charge in the second count of the indictment. We have examined the record and find appended thereto exhibits to the testimony of the clerk of the Criminal Court of Hawkins County showing three prior felony convictions of the defendant as required by T.C.A. Sections 40-2801 and 40-2804. The assignment is therefore overruled.

■ Defendant next contends it was error for the trial court not to require the State, in response to the defendant's written request, to produce a written statement of the convictions relied upon to sustain the charge of habitual criminality, as required by the mandate of T.C.A. Section 40-2803. A review of the record reflects the convictions alleged in the indictment, as returned on the 19th day of February, 1963. The record further reflects that counsel for the defendant represented the defendant in the first trial, which resulted in a mistrial on the habitual criminal count. This trial occurred on July 20, 1967; the second trial having been had on February 25, 1969. A period of eighteen months elapsed

from the first trial to the second trial. The defendant had notice by the indictment of these convictions relied upon, which had been returned in 1963; in fact, he had obtained a mistrial on the first trial of the habitual charge under this original indictment. From the facts it is evident that the intent of T.C.A. Section 40-2803 had been fulfilled; that is, giving the defendant notice of what convictions were going to be proved had been met. We therefore hold under the proven facts and circumstances found in this record that it was not error for the court not to require the State to comply with the mentioned section. The assignment of error is overruled.

Defendant further contends that the indictment alleges one of the prior convictions had occurred in the Criminal Court of Hawkins County in 1947, when the proof showed the Criminal Court of Hawkins County was not established until 1951. The Circuit Court had concurrent jurisdiction, civil and criminal, prior to the establishment of the Criminal Court. We fail to see where this misnomer misled or prejudiced the defendant in any manner. The assignment of error is therefore overruled.

All assignments of error evaluated and found wanting in merit, the judgment of the trial court is affirmed.

WALKER, P. J., and HYDER, J., concur.