David Curtis HOBBY, alias,
Plaintiff in Error,

v.

STATE of Tennessee, Defendant in Error.

Court of Criminal Appeals of Tennessee.

Jan. 25, 1972.

Certiorari Denied by Supreme Court
May 1, 1972.

Robert W. Ritchie, Knoxville, for plaintiff in error.

David M. Pack, Atty. Gen., Robert H. Roberts, Asst. Atty. Gen., Nashville, John Gill and John T. O'Connor, Asst. Dist. Attys. Gen., Knoxville, for defendant in error.

## OPINION

WALKER, Presiding Judge.

In a two-count indictment, the Knox County grand jury charged the defendant, David Curtis Hobby, with (1) burglary in the second degree of the mansion house of Mrs. Irma McPherson, and (2) being an habitual criminal. The trial jury found him guilty under the first count and fixed his maximum punishment at five years' imprisonment. The court then submitted the second count and the jury also found him guilty under it.

At about 2:30 P.M., November 17, 1970, the defendant and his brother-in-law, Jerry Leatherwood, were found in the basement of the home of Mrs. McPherson at 2722 Fifth Avenue, Knoxville. Earlier in the fall, Mrs. McPherson, 83 years old, had broken her hip and was in the hospital at this time.

Hobby's automobile was in the driveway with the trunk lid raised. A basement window had been forced open. He and Leatherwood hid when the officers arrived. They found Hobby behind a wall where he had concealed himself by pulling some plywood across a hole in it. Leatherwood had taken a tire tool from Hobby's car and had used it as a crowbar. He wore gloves and Hobby had gloves in a pocket.

The record does not show what happened to Leatherwood.

Hobby testified that he and Leatherwood were babysitting next door to this house. He says Leatherwood had discussed going into the house for three or four days, but he (Hobby) had refused to go. This day he gave Leatherwood his car keys and permission to get the tire tool. He says Leatherwood made two trips into the house before he entered. He denies having gloves and contends he had no criminal intent.

When Mrs. McPherson went to the hospital, she left her key with a neighbor, Mr. Pate. He looked after the house and collected her mail. For the four years he had lived in the neighborhood, he knew Mrs. McPherson and that she occupied these premises. It was necessary to appoint a conservator for her at about the time of this entry. Mr. Pate continued to look after the mail and the property at the request of the conservator. The furniture was still in the house when Hobby entered it.

The defendant contends the court erred in admitting hearsay testimony of the conservator as to the ownership of the house. He argues that a warranty deed should have been produced on this issue.

■ Although Mrs. McPherson could not testify, we think the conservator could testify as to her property without introducing the deed. Mr. Pate testified without objection that Mrs. McPherson had given him the key to look after the place when she went to the hospital.

■ Burglary is an offense against the possession rather than against the legal title or the possessor. The specific ownership of a building is not an essential element and title, as far as the law of burglary is concerned, follows the possession and possession constitutes sufficient ownership as against the burglar. Hindman v. State, 215 Tenn. 127, 384 S.W.2d 18; Anderson v. State, Tenn.Crim.App., 455 S.W.2d 630; Taylor v. State, Tenn.Crim.App., 455 S.W. 2d 168. This assignment is overruled.

■ Likewise without merit is the contention that this house was abandoned by the owner and no longer constituted a mansion house. We find no prejudice in the trial judge sustaining the state's objection to defendant's offer to prove that Leatherwood said he was going into the house to look around.

■ Hobby says the trial court erred in refusing to make an in-camera examination of the grand jury minutes to determine if there was sufficient evidence of ownership of the premises. The indictment was not open to this challenge. Burton v. State, 214 Tenn. 9, 377 S.W.2d 900; Parton v. State, Tenn.Crim.App., 455 S.W.2d 645.

■ The defendant says the trial judge should have instructed on T.C.A. 39–4504 (injuring or defacing buildings or fixtures) as a lesser included offense. We do not think the trial judge erred in declining this request. We likewise find no error in the failure to charge the special request on a house ceasing to be a dwelling house.

■ The defendant offered evidence of good character. The trial judge held admissible testimony on truth and veracity by the Chief Chaplain of the penitentiary and by an insurance agent. Hobby assigns as error the refusal to allow testimony on his morality by the insurance agent. Although Hobby had been to the penitentiary on his conviction of a number of infamous crimes, we think he was entitled to offer testimony of good moral character in addition to truth and veracity. We think this error, however, was harmless. T.C.A. 27–117.

The defendant assigns error in the failure of a juror to answer on voir dire a question of the assistant district attorney general.

In his examination of the panel, the prosecutor addressed one juror and then asked the entire panel a lengthy series of questions, among which was an inquiry if any close friend or relative had been prosecuted. The record shows that no juror replied to any of these inquiries. On the motion for new trial, the defendant presented the affidavit of a juror to the effect that he did not hear the question but that he had a son convicted of burglary in 1968. The defendant did not produce this juror at the new trial hearing. The record shows no ulterior or prejudicial motive in his selection. This assignment is overruled.

The evidence fully sustains the conviction. All assignments have been carefully examined and are found without merit.

The judgment is affirmed.

OLIVER and O'BRIEN, JJ., concur.