Billy Gene **FERGUSON**,
Plaintiff-in-Error,

v.

**STATE of Tennessee, Defendant-in-Error.**

Court of Criminal Appeals of Tennessee.

Aug. 5, 1975.

Certiorari Denied by Supreme Court
Nov. 3, 1975.

Bernard E. Bernstein and L. Caesar Stair, III, Knoxville, for plaintiff in error.

R. A. Ashley, Jr., Atty. Gen., Michael E. Terry, Asst. Atty. Gen., Nashville, Ronald A. Webster, Dist. Atty. Gen., John W. Gill, Jr., Asst. Dist. Atty. Gen., Knoxville, for defendant in error.

WALKER, Presiding Judge.

## OPINION

Billy Gene Ferguson was convicted of third degree burglary of the Wrangler Grill in Knoxville and was sentenced to three years in the penitentiary. From his conviction he appeals in error, first challenging the weight and sufficiency of the evidence.

The state's evidence showed that in the early morning of November 27, 1972, Officers Baldwin and Lakin of the Knoxville Police Department stopped to investigate a white pickup truck at the intersection of Weisgarber Road and Kingston Pike when their attention was attracted to two men coming from beneath a railroad bridge and approaching the Wrangler Grill. These men knocked a padlock off the front door to the Grill and went back beneath the bridge and returned with some large object which they used to break the glass on an inner door.

The men apparently saw Officer Lakin as he came toward the building, and they fled. The officer positively identified the defendant, who ran under a street light and came within ten feet of him. In his description Officer Lakin said that the defendant had no mustache or beard. The officers were unable to apprehend either man. The key was in the pickup truck which had a drive-out license tag registered to the defendant. The officers removed the truck to the police car pound where about 10:00 p.m. the defendant and one Ralph Millsap came to claim it. Officer Lakin recognized the defendant at that time and arrested him. At the trial both Millsap and the defendant testified that the truck belonged to Millsap but the defendant was using it while Millsap repaired his automobile.

Testifying in his own behalf, the defendant denied any part in the burglary or connection with it. He said that the truck developed a loud rattling noise while he was on the interstate and he pulled off on Heiskel Street and parked it. By his testimony he taped the key to the steering column and hitchhiked to the home of Mr. and Mrs. Clyde Long where he spent the night on their couch. They corroborated his testimony about being at their home that night.

Ferguson and Mr. and Mrs. Long testified that at this time he had a mustache, long hair and a beard or goatee in contradiction to Officer Lakin's testimony. A photograph taken at the jail the same day, how-

ever, showed that he did not have long hair, beard or mustache.

■ The jury did not believe the defendant's alibi testimony and accredited the witnesses for the state. The evidence does not preponderate against its verdict. See *State v. Grace*, Tenn., 493 S.W.2d 474. The elements of third degree burglary were shown here. See *Hindman v. State*, 215 Tenn. 127, 384 S.W.2d 18. This assignment is overruled.

■ The defendant says the court erred in refusing his requests to instruct the jury on the lesser included offenses of injuring or defacing buildings (TCA 39–4504) and destroying, injuring, defacing, breaking or removing property of another (TCA 39–4534).

The court instructed on third degree burglary, attempt to commit a felony and criminal trespass but declined to charge on the above statutes as lesser included offenses.

In *Hobby v. State*, Tenn.Cr.App., 480 S.W.2d 554, we held that the trial judge did not err in declining a request to charge TCA 39–4504 in a second degree burglary prosecution. In *Carmon v. State*, Tenn.Cr. App., 512 S.W.2d 595, we approved the trial judge's refusal to instruct on TCA 39–4534 in a larceny case.

A burglary may be committed without defacement of or injury to a building or fixtures and it may also be committed without destroying, injuring, defacing, breaking or removing property of another. These misdemeanors do not meet the test for lesser included offenses laid down in *Yearwood v. State*, 2 Tenn.Cr.App. 552, 455 S.W.2d 612. This assignment is without merit.

■ The defendant urges that the trial judge violated Article VI, Section 9, of the Tennessee Constitution by commenting on the evidence when he instructed the jury:

"A very slight breaking is sufficient, as forcing open a door, picking or twisting off a lock, taking out a pane of glass, or breaking out a pane of glass, pulling down or raising up a window sash or opening a closed door.

.    .    .    .    .

"A slight breaking is sufficient, such as prizing open a locked door, opening a closed door, raising a closed window and other like acts."

In *State v. Crow*, Tenn., 517 S.W.2d 753, our Supreme Court, in a third degree burglary case, approved the trial judge's instruction on an entry:

" 'In considering whether a person has entered after breaking, the Court charges you that a person may enter by inserting the hand or the finger, or an instrument held in the hand, when such is done with the intent to commit a felony therein, and proof of entry of the entire body is not required.' "

Likewise, an instruction on breaking which includes examples should be considered a correct charge and not a comment on the evidence. This assignment is denied.

■ The defendant assigns as error that the court allowed into evidence his oral statements to Officer Lakin when he had made a pretrial motion for all statements and the district attorney general had replied there were none.

This is the second trial of the case, the first resulting in a mistrial. On the first trial the state attempted to introduce this statement and the trial judge ruled it inadmissible for failure of the state to comply with the statute. From that trial two months earlier, the defendant was aware of the statement and the witnesses present. He had ample notice and was not surprised. There was a substantial compliance with the provisions of TCA 40–2441. See *May v. State*, Tenn.Cr.App., 474 S.W.2d 172.

■ The defendant next says the court erred in allowing the assistant district attorney general to comment on items found in the truck as fruits of other crimes thereby implying that the defendant had committed those crimes. When the defendant

objected to this evidence, the court sustained him at that time because he had not been connected with the truck. Later the state announced it would forego trying to introduce the evidence. The rulings on this question were in the defendant's favor and there was no error here.

■ The defendant says the court erred in allowing on cross-examination proof of previous convictions because they were too remote in time.

On his direct examination, the defendant testified he was convicted of a crime when he was 20 or 21 years of age. He was 32 years old at the time of the trial. On cross-examination he admitted three prior convictions, apparently received in 1965. There was no objection to this testimony.

■ Further, these convictions were not too remote as a matter of law. Although our cases hold that convictions must not be too remote, they have not fixed any time limit for this rule. See *Cooper v. State*, 123 Tenn. 37, 138 S.W. 826. This assignment is overruled.

All assignments have been fully considered and found to be without merit. It results that the conviction is affirmed.

DWYER, J., and DICK JERMAN, Special Judge, concur.