Luther R. MARTIN et al., Appellants,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Aug. 20, 1976.

Certiorari Denied by Supreme Court Oct. 4, 1976.

R. A. Ashley, Jr., Atty. Gen., Jack E. Seaman, Asst. Atty. Gen., Nashville, Richard A. Fisher, Dist. Atty. Gen., Cleveland, for appellee.

Edwin Harris, Madisonville, for appellants.

OPINION

TATUM, Judge.

Appellants, Luther Martin, R. S. (Nig) Cline and Ross Martin were convicted in the Criminal Court of Monroe County of assault to commit murder in the second degree and they were sentenced to not less than two nor more than five years in the State Penitentiary. We must affirm.

The evidence accredited by the jury discloses the following facts: On July 14, 1975, Wilford Bookout was doing farm chores at his residence in a rural section of Monroe County. Appellants passed by his residence in a pickup truck. They then returned and again passed the Bookout residence with Luther Martin driving the truck. Ross Martin was seated in the center and R. S. Cline on the right side. R. S. Cline and Ross Martin commenced firing shots, Ross Martin firing from the driver's window and R. S. Cline firing out of the right window. Wilford Bookout procured his shotgun from a vehicle in his garage and fired it into the front windshield of the truck, wounding Luther Martin in the neck. This occurred after appellants commenced firing.

The Sheriff found two pistols and a pair of "knucks" in appellants' pickup truck shortly after the shooting episode. Cline was intoxicated.

There was evidence that Ross Martin had threatened to kill Wilford Bookout and his son. Ross Martin's son has since been convicted of the homicide of Wilford Bookout's son.

Appellants' version of the incident was that they were going to Ross Martin's house to get fruit jars for canning beans and that as they approached Wilford Bookout's residence, Bookout began shooting at them and then R. S. Cline reached into the glove compartment of the pickup truck and got a pistol and returned Bookout's fire.

A jury having found appellants to be guilty and the Trial Judge having approved the verdict, appellants stand before this court clothed in a presumption of guilt.

We cannot reverse under the first assignment of error unless we find that the evidence preponderates against the verdict of the jury. *Halpin v. State*, 515 S.W.2d 658 (Tenn.Cr.App.1974). We do not find that the evidence preponderates against the jury verdict and therefore Assignment of Error I is overruled.

■ Assignment No. II complains of the action of the Trial Judge in overruling appellant's motion to dismiss the indictment, "because the same showed on its face it had been changed or amended".

The indictment is for murder in the first degree. It was prepared on a printed form with the main body of the charge written in long hand, and states in part as follows:

"... and feloniously and willfully make an assault upon the body of Wilford N. Bookout with a deadly weapon; to-wit: a pistol, by firing the same at the said Wilford N. Bookout unlawfully, ..."

Where the word "pistol" appears above, the word "firearm" had been originally written and stricken with a pen and the word "pistol" placed in lieu thereof. The words "with the" had been written before the word "unlawfully" and the words "with the" had been stricken. All of the above quoted portion of the indictment was written in long hand with a pen.

After the jury had been sworn, appellant made a motion to dismiss the indictment on the grounds that it had been amended. The Assistant District Attorney General offered to take the stand and testify concerning the indictment.

In support of their contention, appellants cite the 1847 case of *McKinley v. State*, 27 Tenn. 72 (1847). In that case, the State sought and obtained leave of the Court to resubmit an indictment to the Grand Jury for an amendment. The Supreme Court held the amendment had not been spread on the minutes of the Trial Court, showing that the amendment was an act of the Grand Jury and that the amended indictment was therefore bad. We have the opposite situation before us here. The indictment with the word "pistol" and the other alterations appear to be in Minute Book 14 at pages 820, 821 of the Criminal Court of Monroe County. The record certified to us shows that the indictment was in the corrected condition when it left the Grand Jury.

The Supreme Court, in *McKinley v. State*, *supra*, affirmed the well-known rule that an appellate court is bound by the record as certified to it. We are bound to presume that this indictment left the hands of the Grand Jury altered as above-described and that the record as certified to us is correct. Assignment of Error II is overruled.

The third assignment of error is that appellants had been placed in former jeopardy.

There was no plea of former jeopardy. On suggestion of diminution of the record, the Clerk of the Trial Court certified to this court a copy of an indictment returned in August, 1974, and order in case numbers 4083, 4084 and 4085. It does not appear that this indictment and order were actually a part of the record in this case (no. 4248). The indictment in this case, no. 4248, was returned in May, 1975. The order above mentioned directed a jury verdict on the August, 1974 indictment.

The first indictment is substantially the same as the second indictment except in the first indictment this offense was charged to have been committed with a "rifle" and the second indictment charged that a "pistol" was used.

Without going into the question of whether the defense was properly pleaded and proved, we will consider this assignment on its merits. Appellant contends that the order directing a verdict in favor of appellants in the first prosecution barred the second prosecution. The verdict was directed on the first indictment because there was a material variance between the indictment and the proof.

In support of their contention, appellants cite *Young v. State*, 185 Tenn. 596, 206

S.W.2d 805 (1947). While this case correctly states the applicable rule of law, it does not support appellants' theory. The Supreme Court, speaking through Judge Prewitt, held:

"(1) In *Hite v. State*, 17 Tenn. 357, the Court laid down the rule that to entitle a prisoner to the benefit of the plea, it is necessary that the crime charged be precisely the same in each indictment, and said at page 378 of 17 Tenn.:

'* * * But, if the variances are in those things which are material, autrefois acquit cannot be pleaded in bar— either the first indictment was ineffectual, and therefore the acquittal of no avail, or the record will prove not applicable to the evidence, and therefore the objection is needless; * * *.'

Thus, if there be a material variance between the averments, the two prosecutions are separate as a matter of law." 206 S.W.2d 805, at 805.

■ In the first indictment, appellants were accused of making an assault with a rifle and the proof was that they used a pistol. In *State v. Brooks*, 224 Tenn. 712, 462 S.W.2d 491 (1970), the defendants were indicted for and convicted of armed robbery. Under a previous indictment, the defendants had been charged with using a pistol but the proof was that they had used a .22 caliber rifle and a directed verdict of not guilty had been entered. Subsequently, the defendants were indicted for armed robbery with a rifle for which they were convicted. The Supreme Court, speaking through Justice Humphreys, observed that in many jurisdictions, the courts no longer notice minor variances in the indictment and proof. However, Tennessee continues to adhere to the strict common law rule requiring proof of allegations as charged in the indictment. For example, if a person or thing necessary to be mentioned in an indictment is described with greater particularity than is requisite, such person or thing must be proved exactly as described in the indictment. If a man were charged with stealing a black horse, the allegation of

color, although unnecessary, yet being descriptive of that which is material could not be rejected. The Court in *State v. Brooks supra*, proceeded to sustain the Trial Court's action in overruling the plea of former jeopardy. It was not necessary for the State to have charged in the first indictment that the crime was committed with a particular type firearm but since the State elected to specify the firearm as being a pistol, it was necessary to prove that the crime was accomplished with a pistol and not a rifle. The acquittal of these defendants of robbery with a pistol did not bar a prosecution for the same robbery with a rifle. This rule applies to the case now before us. The acquittal of other offenses of an assault with a rifle does not bar a prosecution for assault with a pistol.

For the foregoing reasons, Assignment No. III is overruled.

Assignment IV complains that the Court failed to instruct the jury concerning "reasonable doubt" and most especially, appellants complain that the Court did not specifically instruct the jury that if proof in support of their self-defense theory was sufficient to raise a reasonable doubt of their guilt, then they should have been acquitted.

The Court charged the jury on the law of self-defense. Appellants rely upon *Frazier v. State*, 117 Tenn. 430, 100 S.W. 94 (1906), a murder case where the defendants relied on the law of self-defense. There, the Trial Judge charged the jury,

"If, from all the facts and circumstances of the case, you find the defendants' contention to be true, they would be justified, under the law of self-defense, and not guilty." 117 Tenn. 430, at 451, 100 S.W. 94, at 99.

The Court held that under the foregoing charge, the jury was left to understand that the burden was not only on the defendants to establish their theory of self-defense, but that they must do so to the satisfaction of the jury or by a preponderance of the evidence; while under the correct rule, if the evidence offered to prove the offense creat-

ed in the mind of the jury a reasonable doubt of its truth, the defendants were entitled to a verdict of not guilty. The Trial Court in *Frazier* repeatedly instructed the jury "If you find from the evidence that defendants are guilty" and phrases such as "If you find to your satisfaction" and similar phrases without using the term "reasonable doubt". This was insufficient. At the conclusion of the charge, the Court used the term "reasonable doubt" one time but the Supreme Court held that this was in reference only to the grade of the offense of which the defendants might be convicted and the jury was never informed that they could not convict of any offense unless the proof established their guilt beyond a reasonable doubt.

The Court held:

"The defendants were entitled to have the jury fully and fairly instructed upon the doctrine of reasonable doubt. They were entitled to have it done in such a manner that the jury should understand that it was necessary for the State to establish the guilt of the defendants, and the existence of every element necessary to constitute the offense of which it was sought to convict them, before they could be found guilty, and if, from the entire evidence in the case, a reasonable doubt existed of the truth of the defense upon which the defendants relied, that they were entitled to a verdict of not guilty. We do not mean to hold that it was necessary to charge upon this subject in every paragraph of the charge, but in such manner that the jury should understand that the rule as to the quantum of proof required to convict in criminal cases applies to every material fact in issue. . . . 117 Tenn. 430, at 464, 100 S.W. 94, at 103.

We do not have the same situation here. In this case, the Court discussed the reasonable doubt standard on seven separate occasions in the charge. In the paragraph immediately preceding the self-defense charge, the Court instructed the jury in detail explaining that they must, before convicting, be convinced of guilt beyond a reasonable doubt. At the conclusion of the charge, the Trial Judge stated: .

"A defendant in a criminal case is presumed to be innocent of the charges against him. This presumption remains with the defendants throughout every stage of the trial, and it is not overcome unless from all the evidence in the case you are convinced beyond a reasonable doubt that the defendants are guilty.

The burden of proving the defendants guilty beyond a reasonable doubt rests upon the state. This burden never shifts throughout the trial. The law does not require a defendant to prove his innocence. Rather, if the state fails to prove the defendants guilty beyond a reasonable doubt the jury must acquit them."

■ The charge must be viewed and its fairness determined from a full reading of that charge and not excerpts from it. *Wallace v. State*, 500 S.W.2d 629 (Tenn.Cr. App.1973); *Marshall v. State*, 528 S.W.2d 823 (Tenn.Cr.App.1975). The defendant has a right to have every issue of fact raised by the evidence and material to the defense submitted to the jury under proper instruction by the Court. In considering the instructions as a whole, we find them to be full and fair. The jury was not misled by the Court's instructions. Appellants submitted no request for further instructions as T.C.A. § 40–2517 requires.

Assignment of Error IV is overruled.

■ In Assignment V, appellants complain that the Trial Judge charged the jury concerning matters of parole in compliance with T.C.A. § 40–2707 which Code Section has been held to be unconstitutional by the Supreme Court of Tennessee in *Farris v. State*, 535 S.W.2d 608 (Tenn.1976). Rule 14(5) of the Tennessee Supreme Court Rules (Adopted by this Court) requires action of the Trial Court urged as error in this Court to have been "specifically stated" in the Motion for a New Trial and overruled below in order to be considered on appeal. The rule in *Farris v. State, supra,* applies in

cases only "wherein appropriate assignments have been made, and which have not yet become final". Since the charge complained of was not brought to the attention of the Trial Judge in the Motion for a New Trial, we hold that "appropriate assignments" have not been made. Assignment V is overruled.

Judgment of the Criminal Court of Monroe County is affirmed.

WALKER, P. J., and O'BRIEN, J., concur.