Clark *v.* The State.

## HANSEN CLARK *v.* THE STATE.

CRIMINAL LAW. *Jury. Swearing of officer in charge of. Omission of record.*
Where the record fails to show that the officer in charge of the jury
was duly sworn, the omission will be cured by the presumption that
such was the case, which will relieve it from being a reversible error.
It appeared of record in this case simply, that D. W. Rivers, deputy
sheriff, had the jury placed in his charge, and was instructed to at-
tend them. The court refused to reverse.

Cases cited: Duncan *v.* The State and Johnson *v.* The State, this volume.
Code cited: Sec. 758.

### FROM FAYETTE.

Appeal from the Circuit Court. T. J. FLIPPIN,
Judge.

L. L. HAWKINS for Clark.

ATTORNEY-GENERAL HEISKELL for the State.

SNEED, J., delivered the opinion of the court.

The prisoner appeals in error from a judgment of
death pronounced by the Circuit Court of Fayette
county upon a conviction of murder in the first de-
gree. We forbear to criticise the facts of the case.
It is sufficient to say that the case lacks no one of
the elements of that high crime, and that the prison-
er's conduct in the transactions which resulted so trag-
ically was characterized by a wanton barbarity seldom
to be seen in the annals of crime. The jury in the

case returned a verdict of "guilty of murder in the first degree with mitigating circumstances." The verdict would authorize the court in a proper case to commute the death penalty to imprisonment for life in the State penitentiary. The court in this case declined to commute. This court has several times held that the circuit judges are not bound by such a finding, if there be in fact no circumstance in the case to mitigate the guilt of the defendant. On the other hand, it is the sworn duty of the circuit judges to see to it in every case of atrocious guilt like this, that the law be administered. We are at a loss to see upon what the jury has based its conclusion that there were mitigating circumstances in this case. It is certainly not a case for the interposition of the delicate power of commutation.

The only question of law in the case worthy of serious consideration, and the only one seriously pressed in argument is, whether the absence of any record evidence that the officer in charge of the jury was duly sworn, is a fatal error in the case which would demand a reversal of the judgment.

It is an old doctrine of the common law that an officer who is placed in charge of a jury in a felony case, should be sworn and instructed to keep them separate and apart from other citizens, and not suffer any one to communicate with them, nor communicate with them himself about the case, while the same is under consideration. We have held it to be error if it be affirmatively shown that this oath was not administered to a constable in charge of a jury. In

the case of *Duncan* v. *The State*, the fact and the presumption that the officer, a constable of the county, was sworn, were positively disproven on the motion for a new trial by the sworn statement of the constable himself that he had been solemnly charged by the court to keep the jury together and apart from all other persons; that he had fully performed that duty, and that they did not separate, nor did they or either of them have any communication with other persons. In that case the court, in its opinion, lays special stress upon the fact that the affidavit does not negative the idea that the officer himself might have communicated with the jury about the case. "This fact," say the court, "is sufficient to arouse the jealousy with which the purity of trials in State cases is watched," and the argument rests the decision mainly upon this ground.

The result of the several decisions upon this subject is, that the officer in such cases, if a mere constable, as in Duncan's case, and not a regular officer of the court, must be sworn according to law. If the record affirmatively shows that he was not sworn, or if sworn not properly sworn, the error will be fatal. But if the record is altogether silent on the subject, then the presumption is that he was properly sworn. *Johnson* v. *State*, Nashville, January term, 1876. The rule in its rigor, however, has not, in the courts of some of the States, been applied to cases where a sheriff or his regular deputy has charge of the jury. These functionaries being regular officers of the court, being considered a part of the court itself,

38—VOL. 8.

and it being one of the duties of the sheriff and his deputies to take charge of juries in such cases. The argument is that they are bound by their official oaths to perform this, as other official duties, under the instructions of the court, faithfully and according to law. The official oath of the sheriff is as follows: "I do solemnly swear that I will perform with fidelity the duties of the office to which I have been elected, and which I am about to assume." The regular deputy of the sheriff is required to take the same oath. Code, sec. 758.

In the case of *Bennett* v. *The Commonwealth*, 8 Leigh, 745, a case of murder in the first degree, the record stated that on each day the jurors were committed to the custody of the sheriff, who is directed to attend and keep them together in one of the jury rooms, without communication with any person, and to cause them to appear here to-morrow, but in no instance is it stated that the sheriff was sworn to the performance of that duty. The majority of the court were of opinion that the sheriff is bound *ex officio* to keep the jury, and it is not indispensably necessary that he should be sworn, though it is generally done out of abundance of caution. But if it were admitted to be necessary in this case, we should be bound to presume that in fact the sheriff was sworn, as the record does not show the contrary. 8 Leigh, 745; 8 Rob., La., 593.

In the case before us, the record shows that the jury were placed in charge of D. W. Rives, deputy sheriff, instructed to attend them. This does not pre-

Clark *v.* The State.

-clude the presumption that the officer was also sworn, if we concede that the oath was absolutely necessary in such a case. We think it the safer and better practice in all cases to have the officer sworn, whether sheriff, deputy sheriff, or other officer; but we are not called upon in this case to hold that where a sheriff or his deputy performs this duty, it is indispensable that they should thus be sworn. We do not decide that point, but reserve it. However this may be, we have no evidence in this case that the officer was not sworn, and we may safely rest the case upon the legal presumption in favor of the regularity of judicial proceedings.

The judgment will be affirmed.