**Maxie BOLLIN, Plaintiff in Error,**

**v.**

**STATE of Tennessee, Defendant in Error.**

Court of Criminal Appeals of Tennessee.

June 22, 1972.

Certiorari Denied Sept. 18, 1972.

Clifford Maness and J. C. McMurtry, Gallatin, for plaintiff in error.

David M. Pack, Atty. Gen., Weldon B. White, Jr., Asst. Atty. Gen., Nashville, O'Brien Price, Dist. Atty. Gen., Springfield, Ernest B. Pellegrin, Asst. Dist. Atty. Gen., Gallatin, for defendant in error.

WALKER, Presiding Judge.

## OPINION

The defendant, Maxie Bollin, was convicted of burglary in the third degree and of being an habitual criminal. He was sentenced to life imprisonment.

In this appeal in the nature of a writ of error, he says that the court erred in failing to sustain his plea of misnomer. This unsworn plea seeks dismissal of the indictment on the ground that its first count refers to the defendant as Maxie Bolin and the second count lists convictions of a person under the name of Maxie Bollin. No proof was taken on the plea. We think the names "Bolin" and "Bollin" are idem sonans and the plea of misnomer was properly overruled. Goodwin v. State, 148 Tenn. 682, 257 S.W. 79.

By an unsworn plea in abatement, the defendant charged that the indictment was returned by an illegally and improperly impaneled grand jury. Before the petit jury was sworn or a plea to the merits was entered, the defendant offered proof to the effect that the appointments of the jury commissioners were regularly entered

on the minutes in 1967 but their oaths of office were not spread upon the minutes as required by T.C.A. 22-225. For that reason he says the grand jury was illegal and the indictment void. The petit jury was drawn from the jury box at a later term with a new jury commission whose oaths were properly on the minutes.

■ We hold that the provision for spreading the oaths of jury commissioners on the minutes is directory and failure to enter them does not vitiate the actions of the grand jury. There is no claim that these officials did not take the oaths required or that any prejudice resulted to the defendant. In Sanders v. Metcalf, 1 Tenn. Ch. 419, the court held that the provision for a special judge taking an oath is merely directory and, as far as the validity of his orders, he could act without taking the oath at all.

This is the general rule. It has been held that a defendant cannot base a motion to quash the venire and discharge the panel on the fact that the jury commissioner, regularly appointed by the court and otherwise qualified, had failed to take and subscribe the oath prescribed by statute. 47 Am.Jur.2d Jury Sec. 230.

In Flynn v. State, 203 Tenn. 337, 313 S.W.2d 248, our supreme court considered a challenge to the method of impaneling the grand jury in Shelby County. The court said:

"  .  .  . In a case of the kind here where the accused is not prejudiced, where the grand juries are not incompetent (the trial judge selected these grand jurors from the panel presented by the Jury Commission), where their selection is not corrupt, or where there has been no invasion of any substantial right, substantial compliance is all that is necessary with the laws concerning the impaneling of grand juries."

In Farmers and Merchants Bank v. Chester, 25 Tenn. 458, the court held one legally appointed to an office without qualifying by taking the oath or otherwise is an officer and his official acts will be valid as to the public and all third persons. See also Clark v. State, 67 Tenn. 591; Lummus Cotton Gin Co. v. Arnold, 151 Tenn. 540, 269 S.W. 706.

T.C.A. Sec. 22-236 provides:

"22-236. Selection of panel and additional jurors by judge.—If for any reason a legal venire or panel is not furnished the court at any regular or special term as provided by this chapter, then the judge of said court shall have the right to select a venire or panel and such additional jurors as may be needed by the court during said term of court."

■ Although we think this was a de jure grand jury, the trial judge's actions in impaneling the grand jury and accepting the return of the indictment and spreading it on the minutes also substantially comply with that statute. This indictment was not tainted by bias or prejudice by selecting officers and Bollin was not adversely affected by the procedure. This assignment is without merit and is overruled.

The defendant contends there is a fatal variance between the proof and the indictment. The indictment charged that he broke and entered the storehouse of Jerry Dixon while the proof showed Dixon and one Bobby Sloan leased the building from Mrs. Ruby Schmidt.

■ It is not necessary that names of all partners be set out in the indictment. T.C.A. 40-1810. Anderson v. State, 2 Tenn.Cr.App. 593, 455 S.W.2d 630. A third degree burglary indictment need not allege ownership of the building since the statute makes the offense one against the occupant rather than the owner. Taylor v. State, 2 Tenn.Cr.App. 459, 455 S.W.2d 168. This assignment is without merit.

The state's proof showed that about 12:30 A.M., May 15, 1971, Gallatin police officers were called to the Last Roundup, a tavern, where they found the doors locked

but a window broken with the glass on the inside of the building. The defendant and Charles Anderson came out of the stockroom and were arrested. The defendant had been drinking. The contents of the tavern included snacks, vending machines and a record player; there is no proof that anything was taken.

Bollin testified that he was in the tavern with Anderson about 4:00 P.M., May 14, 1971; they bought whiskey from a liquor store and drank a quantity of it with one of the tavern operators. He says he was highly intoxicated and does not remember leaving and that he came to himself at the jail.

■ The intent required for the conviction of burglary may be inferred from many circumstances and guilt may be established by circumstantial evidence as other offenses. Chandler v. State, Tenn.Cr.App., 460 S.W.2d 376. Underhill's Criminal Evidence, Sec. 717. The evidence does not preponderate against the verdict and in favor of the defendant's innocence. The previous convictions for the enhanced penalty were properly proven.

■ Identity of name is prima facie evidence of identity of person. If the defendant was not the person referred to in the record introduced he could introduce evidence to that effect. The uncontradicted evidence supported the jury's finding under the second count.

All assignments are overruled and the judgment is affirmed.

OLIVER and GALBREATH, JJ., concur.