Mark E. MELLONS, Appellant,

v.

STATE of Tennessee, Appellee.

Court of Criminal Appeals of Tennessee.

Dec. 5, 1977.

Certiorari Denied by Supreme Court Jan. 23, 1978.

William W. Gilley, R. Wayne Culbertson, Kingsport, for appellant.

Brooks McLemore, Jr., Atty. Gen., Patricia J. Cottrell, Asst. Atty. Gen., Nashville, Carl K. Kirkpatrick, Dist. Atty. Gen., Jerry Beck and Phyllis H. Fitzwilson, Asst. Dist. Attys. Gen., Blountville, for appellee.

## OPINION

DUNCAN, Judge.

The appellant-defendant, Mark E. Mellons, was prosecuted in the Sullivan County Criminal Court under a two-count indictment charging burglary of a vehicle and grand larceny. He was convicted of the offense of burglary of a vehicle, T.C.A. § 39–905, and received a penitentiary sentence of not less than four years nor more than six years. In this appeal, he questions the sufficiency of the evidence, the delayed entry into evidence of a statement made by him at the scene of the crime, and the court's charge. We find no merit to the defendant's complaints.

While the defendant assigns errors on the alleged insufficiency of the evidence, he does not seriously question the undisputed facts developed at the trial which were that a Kingsport police officer, on January 1, 1976, at approximately 10:40 p. m., observed a tractor trailer truck parked on the lot of the Empire Truck Center. Steam was coming out of the truck, indicating that the motor was then running. When the officer approached the truck, steam was no longer being emitted and the motor was not running. Upon investigation, the officer found the defendant sitting inside the truck. The defendant's presence in the truck was also observed by another officer who had arrived on the scene. Testimony showed that the door of the vehicle had been locked previous to the burglary. The officers found that the dash had been pried open, the starter switch had been torn out, and wires were hanging out of the dash of the truck. Obviously, the truck had been hotwired. A flashlight and screwdriver were found on the floorboard of the truck. The hood of the truck was warm. The defendant "blurted out" a statement to the officers, saying, "I was wrong, I was wrong, I was only going to try it out and see if I could go through the gears on it."

The defendant did not testify but offered his sister as a witness in an effort to prove that he was intoxicated earlier in the evening. While the defendant does not argue in his brief that his actions were influenced in any degree because of any alleged intoxication, we would note that other witnesses testified that he was not drunk, and that he walked and talked without difficulty. The fact that the defendant was able to accomplish the detailed task of hot-wiring the truck was a factor for the jury to consider as to the degree, if any, of his intoxication.

The defendant argues that the evidence failed to show any intent on his part to steal anything inside the truck. We disagree. Without dispute, the truck was broken into and entered. It was hot-wired and the motor was apparently started. All preparations had been made to drive the truck away, and except for the arrival of the police, that would have taken place also.

Under those facts, the jury was entitled to infer that the defendant broke and entered the truck with intent to steal it. *Bennett v. State*, 530 S.W.2d 788 (Tenn.Cr.App.1975).

■ "The intent required for the conviction of burglary may be inferred from many circumstances and guilt may be established by circumstantial evidence as other offenses." *Bollin v. State*, 486 S.W.2d 293, 296 (Tenn.Cr.App.1972).

■ The fact that no goods were actually stolen from the truck is insignificant because, "Consummation of the intent to steal is not necessary to complete the crime of burglary." *Petree v. State*, 530 S.W.2d 90, 94 (Tenn.Cr.App.1975).

■ We find that the evidence does not preponderate against the verdict of the jury and in favor of the defendant's innocence. *State v. Townsend*, 525 S.W.2d 842 (Tenn. 1975).

■ Also, it cannot be said that the jury's verdict indicated passion, prejudice, or caprice, which the defendant maintains, because the punishment assessed by the jury in this case was within the limits allowed by law for this offense. T.C.A. § 39–905; *Carroll v. State*, 212 Tenn. 464, 370 S.W.2d 523 (1963).

■ Next, the defendant contends that he was prejudiced because of the manner in which his on-the-scene statement was admitted into evidence. When defense counsel initially attempted to cross-examine the officer regarding the defendant's on-the-scene statement, the trial court tentatively ruled that the officer would not be allowed to testify about it but left the question open for further consideration; however, the defendant's attorney withdrew the question that triggered this discussion and stated that he wanted to proceed. Nevertheless, in later trial proceedings, the court, after hearing the exact substance of this testimony from the officer at a jury-out hearing, reconsidered and then allowed the defendant's attorney to elicit this testimony from the officer before the jury. The defendant's attorney accomplished his purpose in this regard, and we find no prejudice has resulted to the defendant.

■ Finally, the defendant's complaint about the trial court's charge to the jury is not tenable. He made no objection to the court's charge and offered no special requests for instructions. Thus, his belated complaint must be rejected. *Pope v. State*, 528 S.W.2d 54 (Tenn.Cr.App.1975). Nevertheless, we have chosen to review the court's charge and find that a full and accurate charge was given regarding both counts of the indictment. The court charged the law applicable to the offenses of burglary of a vehicle, grand larceny, petit larceny, temporary use of a motor vehicle, and attempt to commit a felony. The defendant again argues the question of intent under this assignment, but we have already ruled adverse to his contention on that question.

We overrule the defendant's assignments of error, and the judgment of the trial court is affirmed.

We note that the Honorable John K. Byers, a member of this panel, did not participate in the decision of this case.

GALBREATH, J., concurs.