**STATE of Tennessee, Appellee,**

v.

**Henry Lee BURKLEY, Appellant.**

Court of Criminal Appeals of Tennessee, at Jackson.

July 18, 1990.

Permission to Appeal Denied by Supreme Court Oct. 8, 1990.

James T. Sanderson, Bolivar, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Byron M. Jones, Asst. Atty. Gen., Nashville, Stephen E. Weitzman, Asst. Dist. Atty. Gen., Somerville, for State.

## OPINION

WADE, Judge.

The defendant, Henry Lee Burkley, was convicted of first degree burglary. An especially mitigated offender, he was ordered to serve five years in the county jail.

In addition to contesting the sufficiency of the evidence, the defendant claims the trial court committed error by (1) permitting the state to amend the indictment and (2) by refusing the defendant's request for a special jury instruction. We find merit to the second issue, vacate the conviction, and remand for a new trial.

Around 2:00 in the morning, the defendant forcibly removed a screen from a window and entered a residence owned by Mr. and Mrs. Rodney Jones. Mrs. Jones is a first cousin to the defendant. Mr. Jones, awakened by sounds in his hallway, saw someone (later identified as the defendant) leave the house through the carport door. He found the contents of his wife's purse scattered on the floor. No items were missing. A hat and a pair of sunglasses found in the carport were identified as belonging to the defendant. When arrested

at work the following day, the defendant freely admitted that he was the intruder.

The defendant and his brother-in-law, Keith Woods, had visited the Joneses' house on the afternoon before the burglary. They brought beer and drank with Mr. Jones before going to Woods' house. Jones went separately and left after a relatively short visit. The other two drove around the area, ending up at the Crisp Farm (apparently a commercial establishment) in the early hours of the morning. Woods subsequently fell asleep in the car.

The defendant testified that he then drove to the Joneses' house, knocked on the door but did not get any answer. He then removed the screen from the window, went into the house, and looked in the refrigerator to see if he had left any beer in the house. He admitted that he was intoxicated and said he could not remember either going into the bedroom or going through Mrs. Jones' purse.

On appeal, the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences which may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978). The verdict of guilt removes the presumption of innocence and gives rise to a presumption of guilt. *State v. Grace*, 493 S.W.2d 474, 476 (Tenn.1973).

This court, in reviewing the evidence in the light most favorable to the state, must conclude that a rational trier of fact could have found the essential elements of first degree burglary beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); Tenn.R.App.P. 13(e). We think the jury was well within its prerogative in accrediting the state's theory.

In order to sustain a conviction for first degree burglary, the state must show a breaking and entering into a dwelling, by night, with the intent to commit a felony. Tenn.Code Ann. § 39–3–401. The specific intent may be established by circumstantial evidence. *Bollin v. State*, 486 S.W.2d 293, 296 (Tenn.Crim.App.1972). When one enters, without authorization, an occupied dwelling which contains valuable property, a jury is entitled to infer that the entry was made with the intent to commit a felony. *Hall v. State*, 490 S.W.2d 495, 496 (Tenn. 1973).

In our view, the jury could have found, based on the evidence presented, that the defendant entered the Joneses' house with the intent to search through Mrs. Jones' purse and remove any items of value.

This issue is without merit.

I

The defendant next contends that the trial court should not have permitted the state to amend the indictment on the day before the trial.

The indictment as returned by the grand jury tracked the statutory elements of first degree burglary but did not specify the particular felony the defendant intended to commit once inside the residence. In *State v. Haynes*, 720 S.W.2d 76, 83 (Tenn.Crim. App.1986), this court held that such an indictment was insufficient. In this instance, however, the trial judge permitted the state to amend the indictment to allege that the defendant intended to commit larceny.

Tennessee Rule of Criminal Procedure 7(b) reads as follows:

An indictment ... may be amended in all cases with the consent of the defendant. If no additional or different offense is thereby charged and no substantial rights of the defendant are thereby prejudiced, the court may permit an amendment without the defendant's consent before jeopardy attaches.

In this case, jeopardy had not attached. *State v. Knight*, 616 S.W.2d 593 (Tenn. 1981). The amendment did not charge a different or an additional offense. We are unable to distinguish these facts from *State v. Goodman*, 643 S.W.2d 375 (Tenn. Crim.App.1982); in *Goodman*, we upheld the addition of the word "deliberately" to an indictment for first degree murder. Here, the defendant was similarly on notice of the offense and the particular misconduct for which he was charged.

There is no indication that the defendant was misled or surprised by the amendment. We find that his trial preparation was not prejudiced.

The issue is without merit.

## II

In his final issue, the defendant claims that the trial court erred in failing to instruct the jury that voluntary intoxication may, under certain circumstances, negate the specific intent required for a conviction of first degree burglary.

Voluntary intoxication is not a defense to a criminal offense unless the intoxication negates the specific intent required by the crime. *Harrell v. State*, 593 S.W.2d 664 (Tenn.Crim.App.1979). The two prerequisites for a voluntary intoxication defense are that (1) the criminal offense (or a lesser included offense) for which the defendant is charged requires proof of a specific intent; and (2) the evidence of the defendant's intoxication warrants a jury instruction. *See* D. Raybin, *Tennessee Criminal Practice and Procedure*, § 28.63 (1985).

Burglary qualifies as a specific intent offense; the "elements of [the] crime include [the] defendant's intent to achieve some result additional to the act." *Harrell*, 593 S.W.2d at 670. To obtain a conviction, the state must prove that the defendant, at the time he entered, intended to commit a felony within the dwelling.

A trial judge has the duty "to give a complete charge of the law applicable to the facts of the case and the defendant has the right to have every issue of fact raised by the evidence and material to his defense submitted to the jury upon proper instructions by the judge." *State v. Thompson*, 519 S.W.2d 789, 792 (Tenn.1975). In delivering its charge, a court should guard against an instruction which would withdraw from the jury's consideration any issue or evidence which they are entitled to consider.

In *Harrell* this court set forth the rule as to when the proof required a voluntary intoxication instruction:

Proof of intoxication alone is not a defense to a charge of committing a specific intent crime nor does it entitle an accused to jury instructions ...; there must be evidence that the intoxication deprived the accused of the mental capacity to form specific intent.... *The determinative question is not whether the accused was intoxicated, but what was his mental capacity.*

593 S.W.2d at 672 (emphasis added).

In this case the defendant characterized himself as being "very high" at the time of the offense. Other witnesses established that the defendant had been drinking continuously from 3:00 or 4:00 P.M. up until the time of the offense. The defendant's sister testified that he and Mr. Woods (her husband) were so intoxicated that they were unable to paint the interior of her house.

The facts of this case contrast sharply with those in *Harrell*. There the defendants simply claimed they could not remember committing an armed robbery because they were intoxicated. For that reason we found there was no evidence that the defendants' mental capacity was affected by their intoxication. *See also State v. Howard*, 693 S.W.2d 365 (Tenn.Crim.App. 1985) (defendant not entitled to intoxication defense instruction where he presented alibi evidence and claimed he did not commit the offense).

In this instance, the defendant contended that his entry was only for the purpose of retrieving beer which he thought he had left in the Joneses' refrigerator. He had been there earlier in the day with Mr. Jones. All had been drinking. The defendant went to the home of Keith Woods to continue his drinking; Jones joined them later. All were related by blood or marriage. There was evidence that the defendant was even more intoxicated when he went looking for more beer during the early hours of the next day. We think the jury could have found that the defendant's intoxication affected his mental capacity; it may have caused him to believe that his entry into the house was not objectionable to the Joneses. That was, we think, a

question of fact the jury should have been entitled to consider.

We think the failure to give the instruction was prejudicial. The evidence was not overwhelming. The defendant presented a plausible explanation for his conduct. The instructions provided by the trial court left the jury little choice but to convict. Over the objection of defense counsel, the trial judge declined to give the entire charge on the voluntary intoxication defense recommended in Tennessee Pattern Jury Instructions. Instead, the following instruction was provided:

> You have heard evidence concerning the alleged drunkenness of the defendant at the time of this offense. *You are instructed that voluntary drunkenness is generally no defense to a criminal charge.* If a person voluntarily drinks and becomes intoxicated, and while in that condition commits an act which would be a crime if he were sober, he is fully responsible for his conduct. This is so unless his drunkenness had continued for such a long period of time so as to result in settled insanity by the time of the offense. It is the duty of persons to refrain from placing themselves in a condition which poses a danger to others.

Tennessee Pattern Jury Instructions—Criminal 36.07 (1988) (emphasis added).

That portion of the pattern omitted from the instruction was as follows:

> [However, as an exception to this rule, voluntary drunkenness is a defense where a specific intent is an essential element of the crime and the defendant was intoxicated to the extent that he could not have possessed this intent. (name of charge) is such a crime. That is, before you may convict the defendant of (name of charge), you must find that he actually intended for his acts to have the result of (the result constituting the crime). If you are not satisfied beyond a reasonable doubt that the defendant intended to (the result constituting the crime), then you must find him not guilty of (name of the charge.)]

Because the trial court failed to charge that voluntary intoxication is a defense to a specific intent crime under certain circumstances, the court denied the defendant his right to have "a complete charge of the law applicable to the facts of the case." *Thompson*, 519 S.W.2d at 792. We think that the instruction given had the effect of withdrawing from the jury's consideration an issue which, under pre-established law, they were entitled to consider.

The conviction is vacated and the case is remanded for a new trial.

REID, J., concurs.

DUNCAN, P.J., dissents.