<u>IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE</u>

<u>AT JACKSON</u>

<u>DECEMBER 1999 SESSION</u>



FILED

**March 6, 2000**

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | * | No. W1999-00039-CCA-R3-CD |
| **Appellee** | * | SHELBY COUNTY |
| **VS.** | * | Honorable Chris Craft, Judge |
| **TIM D. SMITH,** | * | (Automobile Burglary) |
| **Appellant.** | * | |

For Appellant

A. C. Wharton, Jr.
Public Defender

Michael J. Johnson
Assistant Public Defender
(At Trial)

Tony N. Brayton
Assistant Public Defender
(On Appeal)
201 Poplar Avenue, Ste. 201
Memphis, TN 38103-1947

For Appellee

Paul G. Summers
Attorney General and Reporter

R. Stephen Jobe
Assistant Attorney General
Cordell Hull Building, 2nd Floor
425 Fifth Avenue North
Nashville, TN  37243-0493

William L. Gibbons
District Attorney General

Jennifer S. Nichols
Assistant District Attorney General
201 Poplar Avenue, Ste. 301
Memphis, TN 38103-1947

OPINION FILED:

AFFIRMED

NORMA MCGEE OGLE, JUDGE

**OPINION**

Defendant, Tim D. Smith, was found guilty by a Shelby County jury of automobile burglary, a Class E felony, and was sentenced by the trial court to six years as a career offender.  The sole issue in this appeal as of right is whether the

1

evidence is sufficient to support the guilty verdict. After a careful review of the record, we conclude the evidence is indeed sufficient to support the verdict. Accordingly, the judgment of the trial court is affirmed.

## I. Factual Background

At approximately 4:30 a.m. on January 9, 1998, Officer Joseph Locastro of the Memphis Police Department was on patrol in an unmarked car. He observed a Buick Skylark driving on a flat tire. The automobile drove up and down several streets in the neighborhood for about five minutes.

Officer Locastro observed the Skylark stop behind a parked car. The defendant, who was the driver of the Skylark, and an unidentified accomplice exited the car and opened the driver's door of the parked car. One perpetrator went inside the car and leaned over toward the glove box. The second perpetrator leaned into the driver's side of the car.

Both persons then came out of the car and proceeded to the front of the car, where the defendant jacked up the driver's side of the car. The defendant then began removing the lug nuts from the wheel. When Officer Locastro drove toward the defendant to effect an arrest, the defendant and his accomplice fled. The defendant was apprehended a short distance from the scene, but the accomplice was never captured.

The owner of the parked car testified that the glove box had been closed when she was last in the car. After defendant's arrest, she observed that the glove box had been opened with various articles strewn about the car. However, her car jack had not been used, and no property was missing from the car.

The defense presented no proof.

## II. Analysis

Defendant challenges the sufficiency of the evidence. Specifically, defendant contends there is insufficient proof to establish that he entered the car with the

2

intent to commit theft.  We respectfully disagree.

Although the evidence of defendant's guilt is circumstantial in nature, circumstantial evidence alone may be sufficient to support a conviction.  State v. Tharpe, 726 S.W.2d 896, 899-900 (Tenn. 1987); State v. Buttrey, 756 S.W.2d 718, 721 (Tenn. Crim. App. 1988).  However, for this to occur, the circumstantial evidence must be consistent with guilt of the accused, inconsistent with innocence, and must exclude every other reasonable theory or hypothesis except that of guilt. Tharpe, 726 S.W.2d at 900.

Great weight is given to the jury verdict in a criminal trial; it accredits the state's witnesses and resolves all conflicts in favor of the state.  State v. Bigbee, 885 S.W.2d 797, 803 (Tenn. 1994); State v. Harris, 839 S.W.2d 54, 75 (Tenn. 1992).  Therefore, while following the above guidelines, this Court must remember that the jury decides the weight to be given to circumstantial evidence.  "The inferences to be drawn from such evidence, and the extent to which the circumstances are consistent with guilt and inconsistent with innocence are questions . . . for the jury."  Marable v. State, 313 S.W.2d 451, 457 (Tenn. 1958)(citation omitted); *see also* State v. Gregory, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993); State v. Coury, 697 S.W.2d 373, 377 (Tenn. Crim. App. 1985).

In this case the state was required to prove that the defendant entered the parked car "with intent to commit ... theft ..."  Tenn. Code Ann. § 39-14-402(a)(4). This specific intent may be established by circumstantial evidence. State v. Burkley, 804 S.W.2d 458, 460 (Tenn. Crim. App. 1990); Bollin v. State, 486 S.W.2d  293, 296 (Tenn. Crim. App. 1972).  The actual theft of property from the car is not required to sustain a conviction.  Mellons v. State, 560 S.W.2d 634, 636 (Tenn. Crim. App. 1977).

Viewing the evidence in a light most favorable to the state, as we must, we find the evidence is sufficient to support automobile burglary.  Both the defendant and his accomplice entered the subject automobile.  Articles from the glove box were strewn about the vehicle.  Defendant then proceeded with his attempt to jack

3

up the car and steal the tire. The jury could reasonably infer that the defendant entered the automobile with the intent to steal but found nothing worth of theft. We can only conclude that a rational juror could find beyond a reasonable doubt that the defendant intended to steal property from within the vehicle at the time of the unlawful entry. *See* Tenn. R. App. P. 13(e). Thus, this issue is without merit.

## III. Conclusion

Based upon our review of the evidence, we affirm the judgment of the trial court.

_____
Norma McGee Ogle, Judge

CONCUR:

_____
Gary R. Wade, Presiding Judge

_____
John Everett Williams, Judge