IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT JACKSON

APRIL 1997 SESSION


FILED

August 8, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | No. 02C01-9612-CC-00481 |
| | ) | |
| Appellee | ) | |
| | ) | MCNAIRY COUNTY |
| V. | ) | |
| | ) | HON. JON KERRY BLACKWOOD, |
| JIMMY RAY CORNELIUS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Burglary) |
| | ) | |
| | ) | |

For the Appellant:

Gary F. Antrican
District Public Defender
P.O. Box 700
Somerville, TN 38068
(At trial)

C. Michael Robbins
202 S. Maple Street
Suite C
Covington, TN 38019
(On appeal)

For the Appellee:

John Knox Walkup
Attorney General and Reporter

Kenneth W. Rucker
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Elizabeth T. Rice
District Attorney General

Ed Neal McDaniel
Assistant District Attorney
300 Industrial Park Drive
Selmer, TN 38375

OPINION FILED: _____

AFFIRMED

William M. Barker, Judge

**OPINION**

The appellant, Jimmy Ray Cornelius, appeals as of right his conviction of burglary in the McNairy County Circuit Court. He was sentenced to two years in the Department of Correction as a Range I standard offender.

On appeal, appellant challenges the sufficiency of the convicting evidence. After a complete review of the record, we find the evidence adequate to sustain the conviction. Therefore, the judgment of the trial court is affirmed.

On November 15, 1995, Jerry Kellough was employed by a vending company which distributed Tom's snack foods in the McNairy County area. At the end of his work day, he returned to the warehouse on Highway 22 in Michie, where the merchandise was stored. Upon arrival, he noticed that a rear door of the warehouse had been removed. The door appeared to have been kicked down; both the wood frame and the door were on the floor. As Kellough entered the building, he noticed the interior in disarray. Soft drink cans, candy, and other items were strewn on the floor. The contents of an office desk had also been thrown on the floor. In addition, a Pepsi machine had been pried open and its coin box removed. When Kellough had departed the warehouse that morning, everything was in order.

Upon further inspection, he discovered a man, whom he identified as appellant, hiding behind a box of potato chips. Kellough immediately returned to his truck, retrieved a weapon and removed appellant from the building. Law enforcement officials were contacted and dispatched to the scene. When an officer examined the interior of the building, he discovered a .22 caliber pistol near the box where appellant was found. The pistol belonged to the owner of the building and was usually kept in a

2

desk drawer. As a result of these events, appellant was indicted and later convicted of one count of burglary.

Appellant does not deny that he illegally entered the warehouse. However, he contends that the evidence is insufficient to prove that he possessed the intent to commit a theft. See Tenn. Code Ann. §39-14-402(a)(1) (Supp. 1996). His testimony at trial reflected that he entered the building only to get out of the cold and stay warm. He said he did not intend to steal anything or commit a crime once inside the building.

We must consider the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record, as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

"[S]pecific substantive proof of the intent to steal is not indispensable to a conviction for burglary charged to have been committed with that intent." Petree v. State, 530 S.W.2d 90, 94 (Tenn. Crim. App. 1975). In fact, a jury is warranted in inferring that a breaking and entering of a building containing valuable property is made with the intent to commit a larceny therein. Hall v. State, 490 S.W.2d 495, 496 (Tenn. 1973); State v. Avery, 818 S.W.2d 365, 367-68 (Tenn. Crim. App. 1991); State v. Burkley, 804 S.W.2d 458, 460 (Tenn. Crim. App. 1990).

The building here obviously contained valuable goods, as it was used to store merchandise sold by the vending company. The logo of Tom's snack foods was prominently painted on the building, very close to the door that appellant removed. Once inside the building, appellant rummaged through the desk, removing the drawers and throwing items on the floor. He also pried open a Pepsi machine, threw soft drinks on the floor, and discarded the coin box. Although appellant claimed no intent to steal any goods, the jury was entitled to reject his testimony in favor of the State's

3

theory.  A guilty verdict rendered by the jury and approved by the trial court accredits the testimony of the witnesses for the State, and a presumption of guilt replaces the presumption of innocence.  State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

Moreover, it was within the jury's purview to discredit appellant's explanation of the events.  Questions concerning the credibility of the witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact.  Cabbage, 571 S.W.2d at 835.  Appellant's testimony revealed that he had been driving on Highway 22 and ran off the road into a ditch.  Intoxicated and fearing a citation for DUI, he abandoned his vehicle and fled the scene.  As he ran from the accident, he saw the warehouse.  Appellant claimed to have entered the building only to stay warm.  He further explained that he rummaged through the desk looking for something to start a fire.  However, he created total disarray inside the warehouse, destroying some office items, scattering other items on the floor and removing the coin box from the drink machine.  He also removed the gun from the desk, fired two rounds inside the building, and kept it with him as he hid.  The jury was certainly justified in concluding that the appellant was not merely seeking shelter.

We cannot say that the facts are insufficient, as a matter of law, for a rational trier of fact to find the appellant guilty beyond a reasonable doubt.  State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).  The judgment is affirmed.


_____
William M. Barker, Judge

CONCUR:


_____
Joseph M. Tipton, Judge


_____
David G. Hayes, Judge

4