# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### JANUARY SESSION, 1997

FILED

June 3, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 02C01-9602-CR-00051 |
| | ) | |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. CHRIS CRAFT, JUDGE |
| CURTIS SMITH, | ) | |
| | ) | |
| Appellant. | ) | (BURGLARY - VEHICLE) |


FOR THE APPELLANT:

**A.C. WHARTON, JR.**
District Public Defender

**EDWARD G. THOMPSON**
Assistant Public Defender
616 Adams Avenue
Memphis, TN  38103
(On Appeal)

**ROBERT T. HALL**
Assistant Public Defender
201 Poplar Avenue
Second Floor
Memphis, TN  38103
(At Trial)

**MARC SORIN**
Assistant Public Defender
201 Poplar Avenue, Second Floor
Memphis, TN 38103
(At Sentencing Hearing &
Motion for New Trial)

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**M. ALLISON THOMPSON**
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN  37243-0493

**JOHN W. PIEROTTI**
District Attorney General

**TERRELL L. HARRIS**
Assistant District Attorney General
201 Poplar Avenue - Third Floor
Memphis, TN  38103

OPINION FILED _____

REVERSED AND REMANDED

THOMAS T. WOODALL, JUDGE

# OPINION

The Defendant appeals as of right pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure. He was convicted of burglary of a motor vehicle in violation of Tennessee Code Annotated section 39-14-402(a)(4). He received a fine of $3,000.00 and was sentenced to serve six (6) years in the Tennessee Department of Corrections as a Range III offender. The Defendant has raised four issues on appeal. The first two challenge the sufficiency of the evidence to sustain the conviction and will be considered together by this Court. In his third issue, Defendant argues that the trial court erred in refusing to instruct the jury on the lesser included offense of attempted burglary. In his fourth issue, the Defendant argues that the trial court erred in failing to instruct the jury on the offense of criminal trespass. Because we find merit in the last issue presented by the Defendant, we reverse the judgment and remand this case to the trial court for a new trial.

Three (3) witnesses testified during the State's case-in-chief. The Defendant offered no proof. The owner of the van testified that on the evening of August 15, 1994, he left his van in a parking lot adjacent to the B.B. King Blues Club in Memphis with all of the van's doors and windows locked and secured. No one else had permission to enter the van. The owner of the van was performing inside the nightclub. Shortly before his evening performance was finished, he was notified that someone had broken into his van. He could not immediately stop his performance, but when he was finished, he went out to the van to observe whether there was any damage or any missing items. He noticed the passenger's side window was broken, papers from the glove compartment

were strewn throughout the van, and his boom box was missing. The police were questioning the Defendant, and the owner of the van identified Defendant at trial as the same man he observed being questioned by police on the night of the incident.

The other two (2) witnesses who testified at trial were friends of the van's owner. They had gone to the nightclub to see him perform. As they were leaving at approximately 11:30 p.m., they observed the Defendant following closely behind them on the street, carrying a large bag. When they turned around to see who was following them, the Defendant doubled back across the street. The witnesses then observed the Defendant standing next to the white van that belonged to their friend. Subsequently, he entered the van through the driver's side door and immediately the witnesses ran to the van. They saw the Defendant crouched down between the driver's seat and the steering column. When one of the witnesses hit the side of the van and ordered the Defendant to come out, he backed out of the van and began apologizing. He did not have the boom box in his possession. According to the testimony, the Defendant stated to the effect that "I'm sorry, I didn't know it was you-all's van. I thought it was a white boy's van." The Defendant continued to back away from the witnesses, and, after reaching a nearby corner, began to run.

The witnesses went inside the club to notify the van's owner of the circumstances, and then accompanied the owner's brother in a search for the Defendant. He was found less than two blocks away, still holding the bag that he had in his possession earlier. Defendant was escorted to the police station and taken into custody. The witnesses observed that the contents of Defendant's bag

were a cigarette lighter and a few items of clothing, none of which belonged to the victim.

In his first two issues, the Defendant challenges the sufficiency of the evidence to support the conviction. When the accused challenges the sufficiency of the convicting evidence, the standard is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). This standard is applicable to findings of guilt predicated upon direct evidence, circumstantial evidence or a combination of direct and circumstantial evidence. State v. Matthews, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990).

In determining the sufficiency of the evidence, this court does not reweigh or reevaluate the evidence. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978). Nor may this court substitute its inferences for those drawn by the trier of fact from circumstantial evidence. Liakas v. State, 199 Tenn. 298, 305, 286 S.W.2d 856, 859 (1956). To the contrary, this court is required to afford the State of Tennessee the strongest legitimate view of the evidence contained in the record as well as all reasonable and legitimate inferences which may be drawn from the evidence. State v. Herrod, 754 S.W.2d 627, 632 (Tenn. Crim. App. 1988).

Questions concerning the credibility of the witnesses, the weight and value to be given the evidence, as well as all factual issues raised by the evidence, are resolved by the trier of fact, not this court. State v. Pappas, 754

S.W.2d 620, 623 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1987). A jury verdict accredits the State's witnesses and resolves all conflicts in favor of the State. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Because a verdict of guilt removes the presumption of innocence and replaces it with a presumption of guilt, the accused has the burden in this court of illustrating why the evidence is insufficient to support the verdict returned by the trier of fact. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982); Grace, 493 S.W.2d at 476.

At the time of the commission of this offense, Tennessee Code Annotated section 39-14-402(a)(4) provided that a person commits burglary who, without the consent of the property owner, enters any automobile or other motor vehicle with the intent to commit a felony or theft. Appellant was found inside a van which belonged to another person, without the consent of the van's owner, under circumstances which showed a forcible entry. Receipts stored in the glove compartment were strewn throughout the inside of the van. We note that while the uncontradicted proof shows that a boom box was missing, the fact that no witness observed the Defendant in possession of the boom box does not support the Defendant's argument that the evidence was insufficient to sustain the conviction.

Specifically, the Defendant argues that there was insufficient evidence to support of the finding of any intent by the Defendant to commit a felony or theft. This court has often found that intent may be established by circumstantial evidence. State v. Burkley, 804 S.W.2d 458, 460 (Tenn. Crim. App. 1990); State v. Chrisman, 885 S.W.2d 834, 838 (Tenn. Crim. App.), perm. to appeal denied, (Tenn. 1994). In almost all criminal cases, the one element

which is most often proven by circumstantial evidence is the culpable mental state of the defendant. State v. Harold Wayne Shaw, No. 01C01-9312-CR-00439, Davidson County (Tenn. Crim. App., Nashville, filed October 24, 1996)(No Rule 11 application filed); State v. Hall, 490 S.W.2d 495, 496 (Tenn. 1973). Unless an accused states what his or her purpose, intent, or thinking was at the relevant times, the trier of fact is left to determine the mental state of the accused by making inferences drawn from the surrounding circumstances found to exist by the trier of fact. Shaw, at p. 5 ; *see, e.g.,* Poag v. State, 567 S.W.2d 775, 778 (Tenn. Crim. App. 1978). Therefore, while circumstantial evidence is needed for the element of intent, the standard for sufficiency of the evidence remains constant. Shaw.

Our court has previously held that when a defendant has been observed leaving a home, after entry has been made through a window at approximately 2:00 a.m. and contents of the owner's purse has subsequently been found scattered on the floor, the jury could have found that the defendant entered the residence with the intent to search through the purse and remove any items of value. State v. Burkley, 804 S.W.2d 458, 460 (Tenn. Crim. App. 1990). Likewise, the proof in this case indicated that the contents of the glove compartment inside the van had been scattered and the jury could have found that Defendant entered the van with the intent to search through the glove compartment and remove any items of value.

Therefore, we find there is sufficient direct and circumstantial evidence to support a finding by a rational trier of fact that the Defendant

committed burglary of an automobile. Accordingly, Defendant's first two issues are without merit.

In his third issue, Defendant argues that the trial court erred by refusing to charge the jury on the lesser included offense of attempted burglary. Only when there is some evidence upon which reasonable minds could find a defendant guilty of a particular lesser offense is the court required to instruct regarding a lesser included offense. Johnson v. State, 531 S.W.2d 558, 559 (Tenn. 1975); State v. Atkins, 681 S.W.2d 571, 577 (Tenn. Crim. App. 1984), cert. denied, 470 U.S. 1028 (1985). In this case, both of the eye witnesses who testified placed the Defendant inside of the van. No contrary proof was heard by the jury. A charge on the lesser included offense of attempted burglary would have been appropriate only if there had been proof that the Defendant had unsuccessfully tried to enter the van. There was no such proof. When there is no evidence to support the lesser included offense, the practice of so charging is not favored. State v. Mellons, 557 S.W.2d 497, 499 (Tenn. 1977); Whitwell v. State, 520 S.W.2d 338, 343 (Tenn. 1975); State v. Ronnie Roberts, No. 03C01-9502-CR-00049, Sevier County (Tenn. Crim. App. at Knoxville), perm. to appeal denied, (Tenn. 1996).

This issue is without merit.

In his final issue, the Defendant argues that it was plain error for the trial court not to instruct the jury on the "lesser included offense" of criminal trespass. This issue was not included in Defendant's motion for new trial, and ordinarily, this would bar appellate review of the issue because it is treated as

waived. T.R.A.P. 3(e). However, as stated by this court in State v. Brooks, 909 S.W.2d 854, 863 (Tenn. Crim. App. 1995),

> [W]hen a procedural default such as this constitutes waiver, it remains within the appellate court's discretion to notice and remedy plain error in the record. *See* Tenn. R. Crim. P. 52(b). A plain error is one that is obvious or clearly shown in the record and affects a substantial right of a party so as to warrant our consideration of whether action should be taken to do substantial justice.

Criminal trespass is not a lesser included offense of burglary of a vehicle. In order to be "lesser included offense," the "lesser offense may not require proof of any element not included in the greater offense as charged in the indictment." State v. Trusty, 919 S.W.2d 305, 311 (Tenn. 1996). Tennessee Code Annotated section 39-14-405 states that a person commits criminal trespass who "knowing he does not have the owner's effective consent to do so, enters or remains on property, or a portion thereof." In that same statute, the word "enter" means "intrusion of the **entire** body." Tenn. Code Ann. § 39-14-405(c). At the time of this offense, according to Tennessee Code Annotated section 39-14-402, a person commits burglary who, "without the effective consent of the property owner enters any freight or passenger car, automobile, truck, trailer, or other motor vehicle with intent to commit a felony or theft." However, in that same statute, regarding burglary, the word "enter" means "[i]ntrusion of any **part** of the body." Tenn. Code Ann. § 39-14-402(b)(1).

Therefore, criminal trespass requires entry of the entire body of the defendant and burglary only requires intrusion of any part of defendant's body.

However, criminal trespass is a lesser grade or class of the charged offense of burglary. Lesser grades or classes of offenses are established by statute. State v. Trusty, id. at 310. Burglary and criminal trespass are found in Part 4 of Title 39, Chapter 14, Tennessee Code Annotated under the heading designated "Burglary and Related Offenses."

The proof in this case showed that upon being caught, the Defendant apologized and told the witnesses that he thought the van belonged to someone else. While the evidence in a case may be very strong to show an accused's guilt of the more serious offense, it is not the function of this court or the trial court to make that decision. It is a function and responsibility of the finder of fact, which in this case was the jury, and the jury must be correctly instructed. Otherwise, in situations such as this, a defendant is denied his constitutional right to trial by jury. State v. Wright, 618 S.W.2d 310, 315 (Tenn. Crim. App. 1981); State v. Vance, 888 S.W.2d 776, 779 (Tenn. Crim. App. 1994).

We find it was plain error for the trial court not to instruct the jury in this case as to the offense of criminal trespass, a lesser grade offense of the charge of burglary. Accordingly, we reverse the trial court's judgment of conviction and remand this case for a new trial.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
JOE B. JONES, Presiding Judge


_____
PAUL G. SUMMERS, Judge