IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
December 19, 2017 Session

## STATE OF TENNESSEE v. JULIE A. MORGAN (MORAN)

Appeal from the Criminal Court for Unicoi County
No. 6885     Lisa N. Rice, Judge

No. E2017-00532-CCA-R3-CD

The Appellant, Julie A. Morgan (Moran), appeals from the Unicoi County Criminal Court's denial of her "motion to set aside disposition and/or retired status of traffic citation for mistake and to reset for further consideration." On appeal, the Appellant contends that the trial court should have treated her motion as a petition for post-conviction relief or applied Tennessee Rule of Civil Procedure 60.02 "for post[-]judgment relief." Discerning no error, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Stanley F. LaDuke, Knoxville, Tennessee, for the appellant, Julie A. Morgan (Moran).

Herbert H. Slatery III, Attorney General and Reporter; Katherine C. Redding, Assistant Attorney General; Anthony Wade Clark, District Attorney General; and Ryan Spencer Curtis, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

On June 21, 2016, the Appellant, who was a resident of Asheville, North Carolina, received a citation for speeding in violation of Tennessee Code Annotated section 55-8-152. The Appellant's last name was misspelled "Morgan" rather than "Moran" on the citation. Pursuant to Tennessee Code Annotated section 55-10-207(f), the Appellant mailed a check for the fine and costs to the clerk of the Unicoi County General Sessions Court, and a disposition of "Guilty Plea-As Charged" was entered in that court on July 18, 2016.

In October 2016, the Appellant received a letter from the North Carolina Department of Transportation informing her that her driving privileges would be suspended for six months due to her Tennessee speeding conviction. In December 2016, the Appellant filed the instant "motion to set aside disposition and/or retired status of traffic citation for mistake and to reset for further consideration" in the general sessions court. The motion alleged that the Appellant's payment of the fine and costs was "a mistake of fact" and that she would not have done so had she known that "her driving privileges in her home state of North Carolina would be suspended as a result." The motion also noted that the Appellant's last name was misspelled on the citation. The general sessions court denied the motion.

The Appellant appealed the general sessions court's denial of her motion to the trial court. The Appellant then filed an "argument in support of motion to amend or to set aside disposition and or retired status of traffic citation for mistake." In this document, the Appellant argued that "a traffic citation . . . [was] more of a civil action" and that Tennessee Rule of Civil Procedure 60.02 should be applied to provide "relief [for] a mistake of fact." The Appellant also argued that her payment of the fine and costs was "a disposition of 'no contest' rather than a conviction of 'guilty.'" The Appellant again noted that her last name was misspelled on the citation.

The trial court held a hearing on this matter, at which the Appellant's counsel argued that speeding was not a criminal offense; therefore, the Rules of Civil Procedure should be applied to this case. The Appellant's counsel then argued that he was asking the trial court to craft a civil remedy analogous to post-conviction relief in a criminal proceeding. At the conclusion of the hearing, the trial court denied the motion. The trial court found that speeding in violation of Tennessee Code Annotated section 55-8-152 was a criminal offense, that the Rules of Criminal Procedure applied to this case, and that the Appellant's claims were not cognizable under any form of post-conviction relief.

The Appellant now appeals to this court. The Appellant contends that the trial court should have treated her motion as a petition for post-conviction relief or applied Tennessee Rule of Civil Procedure 60.02 "for post[-]judgment relief." The Appellant continues to equivocate as to whether a violation of Tennessee Code Annotated section 55-8-152 is a criminal offense or a civil matter. This equivocation has made it difficult to discern the Appellant's issues. It appears that the Appellant argues that her plea to the speeding offense was not knowingly and voluntarily entered due to the fact that she was unaware that her conviction would result in the suspension of her driving privileges in North Carolina. The Appellant also appears to argue that the citation was somehow invalid due to the misspelling of her last name. The State responds that the trial court did not err in denying the Appellant's motion.

A violation of Tennessee Code Annotated section 55-8-152 is a criminal offense. Pursuant to Tennessee Code Annotated section 55-8-103, it is a Class C misdemeanor. Class C misdemeanors are punishable by "not greater than thirty [] days or a fine not to exceed fifty dollars [], or both, unless otherwise provided by statute." Tenn. Code Ann. § 40-35-111(e)(3). Accordingly, this matter is "governed by the rules and statutes dealing with criminal procedure." Duane M. Coleman v. State, No. M2012-00848-CCA-R3-PC, 2013 WL 948430, at *2 (Tenn. Crim. App. Mar. 11, 2013). As such, the Appellant's reliance on Tennessee Rule of Civil Procedure 60.02 is misplaced as "[t]he Rules of Civil Procedure have no bearing on criminal matters and cannot be used as a post-conviction method to challenge judgments of conviction." Id.

Tennessee Code Annotated section 55-10-207(f) provides that "[p]rior to the time set for the person to appear in court to answer the charge, the person cited my elect not to contest the charge and may, in lieu of appearance in court, submit the fine and costs to the clerk of the court." "[T]he payment of a traffic fine [pursuant to section 55-10-207(f)] is very closely analogous to a plea of nolo contendere." Williams v. Brown, 860 S.W.2d 854, 856 (Tenn. 1993). A defendant who pleads nolo contendere "does not expressly admit [her] guilt, [but] such a defendant effectively consents to being punished as if [she] were guilty." State v. Crowe, 168 S.W.3d 731, 747 (Tenn. 2005). "By entering a nolo contendere plea, a defendant waives several constitutional rights and consents to the judgment of the court." Id. at 748. Contrary to the Appellant's argument, her payment of the fine and costs resulted in the entry of a judgment of conviction against her for violation of Tennessee Code Annotated section 55-8-152.

A motion to withdraw a plea must be made before the judgment of conviction becomes final. See Tenn. R. Crim. P. 32(f). In general sessions court, a judgment becomes final after ten days. Tenn. Code Ann. § 27-5-108(a). Here, the Appellant's judgment of conviction became final on July 29, 2016. The instant motion was not filed until December 2016. Because the judgment of conviction had already become final, any challenge to the Appellant's speeding conviction was necessarily limited to post-conviction remedies. However, the Appellant's motion failed to state a cognizable claim for any form of post-conviction relief.

The Appellant's main argument is that her plea was not voluntarily and knowingly entered because she was unaware when she paid the fine and costs that it would result in her driving privileges being suspended in North Carolina. "However, neither our federal nor state constitution requires that an accused be apprised of every possible or contingent consequence of pleading guilty before entering a valid guilty plea." Ward v. State, 315 S.W.3d 461, 466-67 (Tenn. 2010). The determination of whether a consequence is a collateral or direct consequence "has often been formulated as turning on whether the result represents a definite, immediate and largely automatic effect on the range of the

defendant's punishment." Id. at 467 (internal quotation marks and citations omitted). The suspension of driving privileges has previously been held to be "'remedial in nature'" and nonpunitive. State v. Conley, 639 S.W.2d 435, 437 (Tenn. 1982). As such, the fact that the Appellant was unaware that her speeding conviction in Tennessee would result in the suspension of her driving privileges in North Carolina did not cause her plea to be unknowingly and involuntarily entered.

The Appellant also argues that the fact that her last name was misspelled on the citation should invalidate her conviction. However, the misspelling of a defendant's name in the charging instrument does not invalidate the charging instrument when the defendant's name and the misspelling are idem sonans. Bollin v. State, 486 S.W.2d 293, 294 (Tenn. Crim. App. 1972) (citing Goodwin v. State, 257 S.W. 79 (Tenn. 1924)). Here, the Appellant's last name was listed as "Morgan" on the citation rather than "Moran." The misspelling was a mere clerical error and did not void the citation. Accordingly, we conclude that the trial court did not err in denying the Appellant's motion.

Upon consideration of the foregoing and the record as a whole, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-4-